## John J. Manning *vs.* Joseph Albee.

False and fraudulent representations that a particular kind of security, which is worthless, is selling in the market at a given price, accompanied by the exhibition of a newspaper containing false quotations thereof, will entitle a purchaser to rescind his contract.

An owner of goods who has been induced by fraud to sell them and accept a note on time with worthless securities therefor may replevy the same without returning the note and securities, if the purchaser cannot be found; and the action will not be defeated by his afterwards demanding payment of the note, at its maturity.

REPLEVIN of a quantity of clothing.

At the trial in the superior court, before *Morton*, J., the plaintiff's counsel in his opening to the jury stated the following facts: In June 1864 the plaintiff, being the owner of a stock of clothing worth $1280 in his shop in Rockport, advertised the same for sale, and soon afterwards one French, a stranger to the plaintiff, came to Rockport and proposed to buy them, and agreed to take them for cash upon a fair appraisement. A few days thereafter French came again, with the defendant, who

came nominally to appraise the goods, and who was also a stranger to the plaintiff. French then stated that he had invested his money in bonds and could not pay cash, but was provided with security, and produced two bonds of the Pitts-burgh, Maysville and Cincinnati Railroad, for $1000 each, which French and the defendant said were perfectly good, and worth eighty-two cents on the dollar, and were selling in the market for from eighty-two to eighty-five cents on the dollar, and rising. French at the same time, by the defendant's request, showed to the plaintiff a newspaper which purported to contain a quotation of stock sales, in which the bonds were quoted as sold at eighty-two cents. French requested the plaintiff not to put these bonds on the market, as they were rising in value every day, and he should redeem them; he also contracted with the plaintiff for a lease of his store for a year, in order to retail the goods. Relying on these representations the plaintiff sold the goods and took French's note with the bonds as collateral. French hired a young man to take charge of the goods and left Rockport and has not since been seen or heard of by the plaintiff. A few days afterwards the defendant took possession of the goods and store, claiming to have bought the goods of French, and commenced selling them at auction, and sent away a portion of them. The plaintiff therefore made inquiries and found that his securities were worthless, and that there had been no sales of them as represented to him. He thereupon brought this action, claiming that the defendant took the goods with full knowledge of the fraud, and conspired with French thus to obtain them. The note of French was not due when the action was commenced, and was placed in a bank for collection, and payment thereof was demanded, but in vain. French could not be found, and no tender of the note or bonds was made to him or Albee.

The judge ruled upon this opening that the action could not be maintained, and a verdict was accordingly returned for the defendant; and the plaintiff alleged exceptions.

*W. C. Endicott & B. H. Smith,* for the plaintiff, besides cases cited in the opinion, cited *Martin* v. *Roberts,* 5 Cush. 126

*Irving* v. *Thomas*, 18 Maine, 418; *Lysney* v. *Selby*, 2 Ld. Raym. 1118; *Dobell* v. *Stevens*, 3 B. & C. 623; *Allison* v. *Matthieu*, 3 Johns. 235.

*S. B. Ives, Jr.*, for the defendant, besides cases cited in the opinion, cited *Harvey* v. *Young*, Yelv. (Amer. ed.) 21; *Salem Rubber Co.* v. *Adams*, 23 Pick. 256; *Pratt* v. *Philbrook*, 33 Maine, 17; *Thayer* v. *Turner*, 8 Met. 550; *Perley* v. *Balch*, 23 Pick. 286; *Whitwell* v. *Vincent*, 4 Pick. 449.

GRAY, J. This court has repeatedly recognized and acted upon the rule of the common law, by which the mere statements of a vendor, either of real or personal property, not being in the form of a warranty, as to its value, or the price which he has given or been offered for it, are assumed to be so commonly made by those holding property for sale, in order to enhance its price, that any purchaser who confides in them is considered as too careless of his own interests to be entitled to relief, even if the statements are false and intended to deceive. *Medbury* v. *Watson*, 6 Met. 259, 260. *Brown* v. *Castles*, 11 Cush. 350. *Veasey* v. *Doton*, 3 Allen, 381. *Hemmer* v. *Cooper*, 8 Allen, 334. But the utmost limit of this rule has been reached in applying it to statements of the price paid by the person making them; and in the leading case in this commonwealth of *Medbury* v. *Watson*, an action was maintained for false and fraudulent representations as to the price paid by a third person for the property in question. See also *Sandford* v. *Handy*, 23 Wend. 269.

In the case now before us, the plaintiff offered to show that he was induced to part with his goods by the false and fraudulent representations of French and the defendant, not only as to the value of the bonds offered by French to secure the note given by him for the goods, but also as to the sales of such bonds in the market at a certain price, appearing by a published list of sales of stocks and securities, which they exhibited to him, to have actually taken place. This last representation was one which the plaintiff is not shown to have had equal means of knowing the truth or untruth of, and on which he might, without imputation of negligence, rely, and upon discovering it to be false and fraudulent, maintain an action.

The demand of payment of the note after the bringing of this action did not abate or defeat it. The plaintiff was not obliged to surrender the note and bonds before beginning a suit for the fraudulent representations ; for the bill of exceptions states that French, from whom he received them, could not be found, so that they could be tendered to him ; and the defendant was in no event entitled to them. *Stevens* v. *Austin*, 1 Met. 558. Even in a similar action against French, it would be sufficient to file them at any time before final judgment. *Thurston* v. *Blanchard*, 22 Pick. 18. *Bridge* v. *Batchelder*, 9 Allen, 394.                         *Exceptions sustained.*