## EDWARD B. PAUL *vs.* DOUGLAS FORBES.

Suffolk. January 11, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Building Contract — Contractor — Agent — Instructions to Jury.*

At the trial of an action to recover the price of lumber furnished for a house, there was evidence that it was bought by one R. on behalf of the defendant, and upon his credit, which R. had authority to pledge. The defendant introduced evidence, which was controverted, tending to show that the defendant and R. made a building contract, by which the latter was to build the house and furnish all the materials, and the defendant was to pay him a fixed sum. The presiding judge instructed the jury, that, if there was at the time when R. ordered the lumber from the plaintiff a contract between R. and the defendant by which R. was to build a house for a certain sum, then R. bought the lumber for himself and not for the defendant, " and, as matter of law, the defendant cannot be held liable; an independent contractor cannot be an agent; if you are satisfied that the relationship of contractor and contractee existed " between R. and the defendant, " then your verdict must be for the defendant." *Held,* that the instructions were erroneous.

MORTON, C. J. This is an action of contract to recover for the price and teaming of lumber, furnished by the plaintiff for the erection of a house upon land of the defendant, in Dorchester. There was evidence at the trial tending to show that one Roberts bought the goods sued for, on behalf and upon the credit of the defendant, and that he had authority to pledge the credit of the defendant. These were the issues in the case, and the plaintiff had the right to go to the jury upon them. The defendant introduced evidence, which was controverted by the plaintiff, tending to show that the defendant and Roberts made a building contract, by which Roberts was to build the house and furnish all the materials, and the defendant was to pay him a fixed sum. The court instructed the jury, that, " if there was, at the time when Roberts ordered the lumber from Paul, a contract between Roberts and Forbes, by which Roberts was to do the job (build the house) for a certain sum of money, then Roberts bought the lumber for himself and not for Forbes, and, as matter of law, the defendant cannot be held liable. An independent contractor cannot be an agent. If you are satisfied that the relationship of contractor and contractee existed

between Roberts and Forbes from July 8, then your verdict must be for the defendant." These instructions were erroneous.

The issue was whether Roberts had authority to, and did, pledge the credit of the defendant for the goods bought of the plaintiff. The independent contract, if one was proved, was competent and important evidence upon this issue, but is not conclusive. If such contract existed, the defendant might authorize Roberts to buy upon his credit; and if he did so, he would be bound to the person selling, and his contract with Roberts would be no answer in a suit for the goods sold. *Hildreth* v. *Martin*, 3 Allen, 371. *Reed* v. *Ashburnham Railroad*, 120 Mass. 43.

It is not necessary to consider the other questions raised by the bill of exceptions.                    *Exceptions sustained.*

*F. Paul*, for the plaintiff.

*J. D. McLaughlin*, for the defendant.