JOHN HASKELL vs. CHARLES D. STARBIRD.

Middlesex.　March 17, 1890. — June 30, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Fraudulent Representations — Agency.*

False and fraudulent representations made by an agent, general or special, employed to sell land, will render the principal liable in an action of tort for deceit, although the latter did not authorize them, and did not know of them until after the conveyance.

In an action for false and fraudulent representations in a sale of land, there was evidence that the representations were made to the plaintiff, upon the express authority of the defendant, by his agent, who informed the defendant that he had made them before the sale was completed. The defendant requested an instruction, that, if the agent made the representations, and the defendant at the time and before the delivery of the deed stated, in reply to an inquiry of the plaintiff, that he had never seen the land, and knew nothing about it except what had been told him, and the plaintiff without further inquiry accepted the deed and paid the consideration agreed on, he could not recover; and the request was refused. *Held,* that the request was rightly refused.

At the trial of an action for false and fraudulent representations in the sale of land, the defendant asked an instruction, that, if the person making the representations was the defendant's agent to sell the land, the plaintiff could not recover unless it was proved that the defendant was privy to or adopted the misrepresentations relied on. The presiding judge declined to give this instruction, and, after giving appropriate instructions to the jury upon the representations themselves as a ground of liability, instructed them that, if the representations were false in fact, and the agent had no knowledge personally of their truth, but derived his information from others, he or his principal would be liable to an action for deceit. *Held,* that the defendant had no ground of exception.

TORT for false and fraudulent representations in the sale of land. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. N. Marshall & M. L. Hamblet,* (*J. C. Burke* with them,) for the defendant.

*C. Cowley,* for the plaintiff.

DEVENS, J. There was evidence that the purchase of a certain tract of land in Canada, in which purchase the plaintiff alleged himself to have been deceived, was made through one Rockwell, who acted as the agent for the defendant; and that the plaintiff

was deceived by the representations made by Rockwell that the land was of the value of twelve hundred dollars, contained a large amount of timber, and was adjacent to a flourishing village, which representations were false. There was also evidence that Rockwell made these representations as the agent of the defendant. Rockwell also testified that the defendant made these representations to him, that he therefore made them to the plaintiff, and that before the conveyance was made he informed the defendant that he had so made them. While the statement as to the value of the land might be treated as an expression of opinion, only those in reference to the locality of the land and the amount of timber on it were statements of fact of importance to any one proposing to purchase it; nor does the land appear to have been readily accessible, so that their accuracy could have been tested by the plaintiff. The defendant denied that he ever made any representations concerning the condition or location of the land, and offered evidence that at the time the conveyance was made by him he informed the plaintiff that he had never seen the land, and knew nothing about it except what he had been informed.

The defendant requested the court to instruct the jury as follows : —

"1. If the jury shall find that Rockwell was the agent of the defendant in selling the land in question, and that as such agent he made the misrepresentations relied on, and that after the same were made, and at the time, but before the deed of this land was delivered, the defendant, in answer to inquiry made of him by the plaintiff, replied that he had never seen the land, and knew nothing about it except what had been told him, and the plaintiff without further inquiry accepted the deed and paid the consideration agreed on, he cannot recover. 2. If the jury shall find that Rockwell was the agent of the defendant in selling the land in question, the plaintiff cannot recover, unless it is proved that the defendant was privy to or adopted the misrepresentations relied on."

The court declined to give these instructions, and instructed the jury: "If the defendant employed and authorized Rockwell to sell the land, and in pursuance of that authority Rockwell sold the land and did induce the plaintiff to buy, and made false

and fraudulent representations about the land, upon which the plaintiff relied and which induced him to purchase, I shall instruct you that the defendant would be responsible for that fraud, notwithstanding there were no instructions given to Rockwell by the defendant which authorized him to make fraudulent representations, and notwithstanding the defendant did not know that he practised those fraudulent representations. Employing him as agent, or as his agent to do that thing, he became responsible for the methods which his agent adopted in doing that thing. . . . If the representations were false in fact, and Rockwell had no knowledge personally of the truth of these representations, but derived his information from others upon those facts, he, or the person for whom he was acting as the agent in the same, would be liable to an action for deceit."

The first instruction requested and refused should not have been given. It was an instruction on only a part of the evidence, and omitted entirely any consideration of the important testimony of Rockwell, that he made the false representations acting as the defendant's agent, and upon his express authority, and also that the fact that they had been made was communicated to the defendant before the transaction was closed by the payment of the purchase money and the making of the conveyance. Even if the testimony of Rockwell was denied by the defendant, and controverted by other evidence, the instruction asked, if given, would have led the jury to infer that it was unimportant for them to consider this evidence, and that the mere fact that the defendant made the remarks testified to by him at the time of passing the deed would prevent the plaintiff from recovering, while it might be also that the plaintiff in completing the transaction depended upon the false and fraudulent representations of the defendant's agent made at the defendant's own instance.

The contention of the defendant is, that, the plaintiff having been put upon his guard by this conversation, he was affected by all the knowledge which he might have obtained if he had inquired further and elsewhere. But the defendant did not in the conversation in any way repudiate the representations of Rockwell, assuming them to have been made, or put the plaintiff on inquiry as to the correctness of them. On the contrary,

the natural inference would be that the defendant adopted them, although he disclaimed personal knowledge. If it is true that these statements of Rockwell had been falsely and fraudulently made, and especially if made on the authority of the defendant himself, and if they had induced the plaintiff to make the purchase, the defendant cannot extricate himself from responsibility therefor by such a disclaimer.

The instructions of the court upon the second request for a ruling — which was in substance, that, even if Rockwell was the agent of the defendant to sell, the plaintiff could not recover unless it was proved that the defendant was privy to or adopted the misrepresentations relied on — made the defendant responsible for the false and fraudulent representations as to the land made by Rockwell, if Rockwell was employed by the defendant to sell the land as his agent, notwithstanding Rockwell was not authorized to make them, and notwithstanding the defendant did not know that he had made them until after the conveyance. They held that the defendant, by employing Rockwell as his agent to make the sale, became responsible for the methods which he adopted in so doing. The defendant contends that Rockwell was a special agent only, and that, as his authority extended only to the sale of this single tract of land, the defendant is not responsible for any representations Rockwell might have made which he did not authorize.

The cases in which a distinction has been made in the responsibility of a principal for the acts of general and of special agents are those where the special agent did not have, and was not held out as having, full authority to do that which he undertook to do, and where one dealing with him was informed, or should have informed himself, of the limitations of his authority. There is no distinction in the matter of responsibility for the fraud of an agent authorized to do business generally, and of an agent employed to conduct a single transaction, if, in either case, he is acting in the business for which he was employed by the principal, and had full authority to complete the transaction. While the principal may not have authorized the particular act, he has put the agent in his place to make the sale, and must be responsible for the manner in which he has conducted himself in doing the business which the principal intrusted to him.

Benjamin on Sale, (3d Am. ed.) § 465.   The rule that a principal is liable civilly for the neglect, fraud, deceit, or other wrongful act of his agent, although the principal did not in fact authorize the practice of such acts, is quoted with approbation by Chief Justice Shaw in *Locke* v. *Stearns*, 1 Met. 560. That a principal is liable for the false representations of his agent, although personally innocent of the fraud, is said by Mr. Justice Hoar, in *White* v. *Sawyer*, 16 Gray, 586, 589, to be settled by the clear weight of authority.

In the case at bar, if the false representations were made by Rockwell, they were made by him while acting within the scope of his authority, in making a sale of land which the defendant employed him to sell, and the instruction properly held the defendant answerable for the damage occasioned thereby. *Lothrop* v. *Adams*, 133 Mass. 471.   The defendant urges that, even if in an action of contract the false representations of Rockwell as his agent might render the defendant responsible as the principal, he cannot thus be made responsible in an action of tort for deceit, and that in such action the misrepresentation must be proved to have been that of the principal.   It is sufficient to say, that no such point was presented at the trial, nor do we consider that any such distinction exists.

If the instruction, " If the representations were false in fact," etc., is to be treated as an abstract proposition, intended to cover the whole case, and fully to state under what circumstances the defendant would be responsible, it would be obviously erroneous.   It does not require that the representations should be fraudulent, as well as false, and it does not contain the additional and necessary element that the plaintiff should have been misled and deceived by them.   It is not, however, to be thus treated, but must be considered in its connection with the part of the case and the subject upon which instructions had been asked.   Both sides had tried the case upon the assumption that Rockwell had made statements that were false, and that were also fraudulent, either as regarded himself or the defendant.   Rockwell had testified, on behalf of the plaintiff, that he had made these representations upon the authority of the defendant, and upon information derived from him, which statement had been denied by the defendant.   The instructions

asked related solely to the question of agency, and do not themselves use the word " false " or " fraudulent," but only the word " misrepresentations." The instruction given in response to the request was, that the defendant would be liable for false and fraudulent representations made by Rockwell, if he employed him to sell the land, and if the latter made them under the defendant's authority in selling it. The correctness of the instructions on this point we have already considered. When, therefore, the presiding judge dealt with the liability of the defendant for representations made by Rockwell on the information of others, — the only information of Rockwell, so far as the case shows, being derived from the defendant, — he was dealing with false and fraudulent representations, by which the plaintiff was deceived, although in such case the falsity and fraud would be those of the defendant acting through Rockwell as his instrument. The part of the case to which this instruction as well as the former ones relate assumes that the representations were of such a character that the defendant was liable therefor, if he was liable for the misrepresentations of Rockwell. Whether those representations themselves, in the terms in which they were made, were sufficient to make the defendant liable, belonged to another part of the case, not then under discussion, and to facts as to which appropriate instructions were given.

It is not a fair interpretation of the last instruction to hold, as the defendant contends, that it would allow the plaintiff to recover if there had been a representation erroneous in fact, and yet not knowingly so made, either by Rockwell, or by the defendant acting through Rockwell, nor do we think it could have been so understood.

*Exceptions overruled.*