LOVETT, HART AND PHIPPS COMPANY *vs.* JEREMIAH
SULLIVAN.

Bristol.    October 24, 1905. — November 29, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Agency.*

One who has authority to sign his father's name to a guaranty of payment for
goods sold to a younger brother during that brother's minority is a special agent,
and, if he signs in his father's name a general guaranty to a dealer of payment
for goods sold to his younger brother without limit of time, this instrument does
not bind the father as a guaranty of payment for goods sold to his younger son
after he has come of age.

One dealing with a special agent is bound to ascertain the extent of his authority.

LATHROP, J.    This is an action of contract upon a written
guaranty, addressed to the plaintiff corporation, dated August
16, 1893, and reading as follows: "Please deliver my son,
George F. Sullivan, such goods as he may order, from time to
time, and I will guarantee payment for same.    This agree-
ment good until cancelled by me in writing.    The goods to
be charged to George F. Sullivan."    This paper was signed
"Jeremiah Sullivan by John Sullivan."    At the trial in the
Superior Court, the judge directed a verdict for the defendant,
and reported the case for our determination.

It appears from the testimony at the trial in the Superior
Court that the guaranty in question was in the handwriting
of one Phipps, the treasurer of the plaintiff corporation; that
he gave it to an agent to have it signed; and that the agent
returned it to him signed; that after the guaranty was signed
the plaintiff had no oral or written communications with the
defendant; and that the guaranty had not been cancelled.
The treasurer testified that he had not heard of any limita-
tions or restrictions placed upon John Sullivan's authority to
sign the guaranty for his father; that before the guaranty was
signed, George F. Sullivan had dealt with the plaintiff, but no
credit had been given him; that George F. Sullivan did a good
deal of business with the plaintiff between August 26, 1893, and
August 15, 1903, probably to an amount of $1,500 a year; that

George F. Sullivan went into bankruptcy in the fall of 1903, and was then indebted to the plaintiff, for goods sold in 1902 and 1903.

It was admitted that George F. Sullivan was born in May, 1873, and was therefore a minor when the guaranty was signed.

The only testimony introduced to show that John Sullivan was authorized to sign the defendant's name, was that of John Sullivan, who was called by the plaintiff as a witness. He testified that the defendant authorized him to sign his, the defendant's, name to a guaranty, to last during the minority of his brother, George F. Sullivan, whereby the plaintiff would be guaranteed payment by the defendant for all goods sold George F. Sullivan during his minority, and that when he signed his father's name he did it without reading the paper very carefully.

There is no evidence in the case to show that John Sullivan was the general agent of the defendant. So far as the evidence discloses he was a special agent only, with limited authority; and the law is well settled in this Commonwealth that a person dealing with a special agent is bound to inquire and ascertain the extent of his authority. *Snow* v. *Perry*, 9 Pick. 539. *Murdock* v. *Mills*, 11 Met. 5, 15. *Harrison* v. *City Ins. Co.* 9 Allen, 231, 233. *Stollenwerck* v. *Thacher*, 115 Mass. 224, 227. *Brown* v. *Henry*, 172 Mass. 559, 566.

The cases of *Locke* v. *Stearns*, 1 Met. 560, and *Haskell* v. *Starbird*, 152 Mass. 117, relied upon by the plaintiff, differ so essentially in their facts from those in the case at bar that they have no bearing upon the question before us. *Locke* v. *Stearns* was an action of trespass upon the case in the nature of deceit. One of the members of a firm sold as and for linseed meal a mixture of linseed meal and teelseed meal, manufactured by the firm. It was held that all the members of the firm were liable, and that they were also liable for a sale made by their foreman acting within the scope of his authority.

In *Haskell* v. *Starbird*, it was held that false and fraudulent representations made by an agent, general or special, employed to sell land, rendered his principal liable in an action of tort for deceit. See also *Weeks* v. *Currier*, 172 Mass. 53, 55. Of course a person who has derived a benefit through the fraud of his agent

cannot keep the fruits of the bargain, thus ratifying the fraud, without being liable in an action for deceit.    See *Bennett* v. *Judson*, 21 N. Y. 238.

*Judgment for the defendant.*

*J. A. Kerns*, for the plaintiff.

*C. R. Cummings*, for the defendant was not called upon.

