E. V. HARMAN AND COMPANY *vs.* WILLIAM FILENE'S SONS COMPANY.

Suffolk.   November 21, 1918. — January 14, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Estoppel.   Set-off.*

In an action by a commercial banker against a merchant upon an account annexed containing several items for goods sold to the defendant by a manufacturer who, upon making each sale, assigned his claim for the purchase price to the plaintiff, the defendant filed a claim in set-off for the purchase price of certain goods which, before the sale of the goods which formed the basis of the

plaintiff's claim, he had purchased of the manufacturer, had paid the plaintiff for, and, in accordance with an agreement made with the manufacturer at the time of sale, had returned to the manufacturer. It appeared that shortly after each of the sales by the manufacturer to the defendant and the assignment of the account receivable to the plaintiff, notice of the assignment was given to the defendant. The plaintiff at no time had any notice or knowledge as to the returned goods which formed the basis of the defendant's claim in set-off until after the new goods purchased more than equalled in value those which he had returned, when he paid the balance of the account to the plaintiff. The plaintiff contended that the defendant was estopped to assert his claim in set-off. *Held*, that it could not be said that any duty rested upon the defendant to state to the plaintiff the existence of his claim against the manufacturer, and therefore that the defendant's silence did not work an estoppel.

CONTRACT upon an account annexed of fifty-five items for goods sold to the defendant by Robert Rosenfeld of New York, the account having been assigned by Rosenfeld to the plaintiff, a corporation, a "commercial banker" in New York, whose business consisted in the purchase from manufacturers of open accounts arising from the sale of merchandise on credit. Writ dated October 6, 1910.

The items described in the account annexed included goods shipped to the defendant by Rosenfeld on October 11, 1909, amounting to $16.50; goods shipped on November 11, 1909, amounting to $33.00; on November 12, 1909, amounting to $247.50; on November 13, 1909, amounting to $132.00; on November 14, 1909, amounting to $412.50; on November 17, 1909, amounting to $336.00. The entire account amounted to $1,177.50.

The defendant filed a declaration in set-off for goods which it had purchased from Rosenfeld in September, 1909, had paid for, and had returned to him on October 5 and 19 in accordance with an agreement made at the time of the sale.

The case was heard by *Hitchcock*, J., without a jury. There was evidence tending to show that each account receivable arising from each sale above described, including those in September, was assigned to the plaintiff and notice given to the defendant within a few days of each shipment. The payment by the defendant for the goods which were shipped to it in September, and which it later returned to Rosenfeld, was made to the plaintiff. It was agreed that, before any of the shipments of goods were made, the defendant had notified Rosenfeld of its claim of credit for the returned goods but never had notified the plaintiff of any

such claim and that the plaintiff had no notice or knowledge of any claim of set-off by the defendant against the accounts until on or about December 4, 1909, the due date of the same, at which time the defendant sent a check for $245.70 to the Mutual Alliance Trust Company, to which the plaintiff had directed payments should be made for the account of the plaintiff, stating at that time to the plaintiff that the check was in full settlement of all accounts of Rosenfeld against the defendant.

Other evidence is described in the opinion. At the close of the evidence, the judge at the request of the plaintiff found as a fact that at the times when the defendant received each notice of the assignments above mentioned, it knew all the facts on which it based the claim against Rosenfeld which it sought to set off against the claim of the plaintiff; and that at no one of such times did it notify the plaintiff of such facts or in any way intimate to the plaintiff that it had any claim against Rosenfeld as an off-set against the accounts assigned by Rosenfeld to the plaintiff.

The judge also, at the plaintiff's request, ruled that the accounts on which the plaintiff sued were assigned to it by Rosenfeld and that due notice of each such assignment was duly received by the defendant.

The following rulings, asked for by the plaintiff, were refused:

"1. Upon all the evidence, the plaintiff is entitled to recover.

"2. The defendant is estopped to set up against the claim of the plaintiff herein claim of set-off described in the declaration of set-off filed herein.

"3. The defendant has waived the claim of set-off it seeks to make by its declaration in set-off against the plaintiff's claim."

The judge found that the defendant was entitled to set off against the plaintiff's claim the value of the goods returned to Rosenfeld, and found for the plaintiff and for the defendant in set-off in equal amounts, setting one finding off against the other, leaving no balance due either party. The plaintiff alleged exceptions.

*Lee M. Friedman,* for the plaintiff.

*J. J. Kaplan,* for the defendant.

CARROLL, J. The plaintiff's assignor, Robert Rosenfeld, sold and delivered merchandise to the defendant. In the Superior Court it was ruled that the defendant had the right to apply, by way of set-off, certain credits equal to the plaintiff's demand.

Robert Rosenfeld was a manufacturer of women's garments in New York, and, previous to September 1, 1909, had sold merchandise to the defendant and assigned his accounts receivable to the plaintiff. On or about September 1, 1909, the defendant purchased of Rosenfeld women's suits of style 500, with the agreement that, if they were not satisfactory, they were to be returned. This account was assigned to the plaintiff and payment made to it about September 10, 1909. Suits of style 500, of the invoice price of $907.50, were returned to Rosenfeld without notice to the plaintiff on October 5 and 19 of that year, and this account is the basis of the defendant's claim in set-off.

Between October 11, and November 17, 1909, additional merchandise was shipped from Rosenfeld in New York to the defendant at Boston. On the day of each shipment or within a few days afterwards, Rosenfeld assigned the amount due to the plaintiff. When the assignment was made the plaintiff mailed to the defendant a bill for the goods sold, upon which was printed a statement to the effect that the invoice had been transferred to the plaintiff; and at the same time mailed to the defendant a letter stating that the account had been transferred to it, and enclosing a stamped envelope for reply. The defendant made no reply to these letters and on December 4, 1909, paid the plaintiff $245.70, claiming this amount was in full settlement of all demands of Rosenfeld against the defendant.

The plaintiff requested the trial judge to rule and find that the defendant is estopped to set up its claim in set-off and has waived this claim. These requests were refused. The defendant filed exceptions which are waived if the plaintiff's exceptions are overruled.

There was no evidence to show that the defendant was estopped from relying on the claim in set-off. And this request of the plaintiff was refused properly.

To establish an estoppel there must have been evidence tending to show that the plaintiff was induced by the defendant's conduct to do what he otherwise would not have done, or to abstain from doing what he would have done, and that the defendant knew or had reasonable cause to know the plaintiff would so act or refrain from acting to his own harm. The plaintiff made its advances to Rosenfeld without consulting the de-

fendant, and while the defendant may have known that Rosenfeld had secured advances in the past by assigning his accounts receivable to the plaintiff, nothing appears to show that the defendant had knowledge of each advance, until after it was made.

On October 5, 1909, the defendant had returned to Rosenfeld suits of the invoice price of $412.50. The first shipment sued for by the plaintiff was on October 11. On October 19, 1909, the defendant returned to Rosenfeld suits of the invoice price of $495. · The letter of assignment relating to the second shipment by Rosenfeld to the defendant of October 15, 1909, was received in Boston on October 21, 1909. The remaining shipments in the plaintiff's account were made during the month of November. There was no evidence that the plaintiff was misled by the silence of the defendant, or discounted the accounts receivable of Rosenfeld in reliance on the defendant's conduct.

As matter of law, it could not be said there was a duty resting on the defendant to speak, and that its silence worked an estoppel. And there was nothing to show that the defendant knew or had reasonable cause to know that its silence was misleading the plaintiff. See *Lincoln* v. *Gay,* 164 Mass. 537, 540; *Huntress* v. *Hanley,* 195 Mass. 236, 241; *Day* v. *Caton,* 119 Mass. 513. Neither could it be said that the defendant waived its claim in set-off.

The case at bar is distinguishable from *King* v. *Fowler,* 16 Mass. 397.

*Plaintiff's exceptions overruled.*