MASOUD J. HASHEM *vs.* MASSACHUSETTS SECURITY CORPORATION.

JOHN MOROGANES *vs.* SAME.

Essex.   January 22, 1926. — February 25, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Existence of relation.   *Deceit.   Contract,* Validity, Construction. *Practice, Civil,* Exceptions: what questions are open.

One employed by a corporation to act as its fiscal agent in the sale of shares of its corporate stock, who employs salesmen, makes contracts in the corporation's behalf and in its name, remits to it money collected from sales and receives from it a commission, and whose contract with the corporation states that the corporation "will employ" him for the sale of its stock so long as he conducts the business in a satisfactory manner, is not as a matter of law an independent contractor with the corporation but may be found to be its agent, for whose deceit in making sales of its stock the corporation is liable.

A fiscal agent of a corporation made to one who could not read, as an inducement to him to sign a contract in writing, the contents of which he did not know, for the purchase of capital stock of the corporation, statements that the corporation was in the nature of a coöperative bank, and that the money paid for stock could be withdrawn at any time after eight months.   The statements were false.   *Held,* that such statements were statements of fact, and formed a proper basis for an action of tort for damages resulting from deceit thus practised.

The mere fact that the subscription agreement, which the defrauded person was induced to sign in the circumstances above described, contained a stipulation, "This contract is made relying on the statements contained herein but no reliance is made by either party on any statement or condition not contained herein and no authority is given to any salesman to make any alterations in this agreement," did not prevent the law from inquiring into and granting relief from the fraud, if it was in fact established.

It is a fraud on an illiterate man, unable to read the English language, to induce him to enter into a written contract by misrepresentations as to its meaning.

Where, by reason of reliance upon a misrepresentation as to the contents of a contract in writing, one, who cannot read its language and does not know its contents, is induced to sign it, a fraud is perpetrated which renders the contract voidable.

Two ACTIONS OF TORT for deceit. Writs dated May 12 and May 22, 1922, respectively.

In the Superior Court, the actions were referred to an auditor and afterwards were heard by *Whiting*, J., without a jury, under an agreement of parties for a hearing "upon the auditor's report, the transcript of testimony, and exhibits introduced before the auditor, and no further evidence to be introduced." Material facts found by the auditor and by the judge are described in the opinion. The judge found for the plaintiff in the first action in the sum of $671.24, and for the plaintiff in the second action in the sum of $630.90. The defendant alleged exceptions.

*A. C. Sullivan*, for the defendant.

*H. D. Linscott*, (*G. W. Howe* with him,) for the plaintiffs.

CARROLL, J. These are two actions of tort to recover because of the defendant's deceit in fraudulently inducing the plaintiffs to invest their money with the defendant corporation. The cases were heard upon the auditor's report. No additional evidence was introduced "other than the reading of excerpts from the transcript of the testimony taken at the trial before the auditor." The judge found for the plaintiff Hashem in the sum of $671.24, and for the plaintiff Moroganes in the sum of $630.90. He found as a fact that fraudulent representations were made; that the plaintiff in each case could not read and did not know the contents of the contract which he signed.

The defendant employed the Pheeney brothers to act as its fiscal agents, and the Pheeneys employed salesmen. The defendant supplied the funds "which established the Pheeneys . . . as . . . [its] 'fiscal agents.'" The subscription agreements were with the defendant corporation. The money collected from sales of stock was remitted to the defendant and a commission paid the Pheeneys. The agreement between the defendant and the Pheeneys stated that the corporation "will employ" them for the sale of its stock

so long as they conduct the business in a satisfactory manner.

The Pheeneys were not independent contractors, as the defendant contends. It could have been found they were employed by the defendant as its agents to sell its stock, the contracts for the purchase of which were with the defendant; that the defendant could supervise the work of the Pheeneys and could discharge them if their services were not satisfactory. The defendant, it could be found, was liable for the deceit practised on the plaintiffs by the Pheeneys or their agents. *Marston* v. *Reynolds*, 211 Mass. 590. See *Paul* v. *Forbes*, 148 Mass. 528; *Lovett, Hart & Phipps Co.* v. *Sullivan*, 189 Mass. 535, 536, 537; *Isenbeck* v. *Burroughs*, 217 Mass. 537.

The misrepresentations relied on were, that the defendant was in the nature of a coöperative bank, and that the money paid could be withdrawn at any time after eight months. These statements were found to be false and fraudulent. The statement that the defendant corporation was in the nature of a coöperative bank, G. L. c. 170, was an assertion of fact; the statement that the money paid could be withdrawn at any time was also a declaration of fact. See *Cavanaugh* v. *D. W. Ranlet Co.* 229 Mass. 366; *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243; *Reinherz* v. *American Piano Co.* 254 Mass. 411.

The subscription agreement signed by the plaintiff in each case, by which he agreed to purchase from the defendant the shares of the preferred stock, contained the stipulation that "This contract is made relying on the statements contained herein but no reliance is made by either party on any statement or condition not contained herein and no authority is given to any salesman to make any alterations in this agreement." If there is fraud in the making of a contract as distinguished from fraud which is antecedent to the contract, the law gives a remedy, irrespective of the form of language in the contract. The parties to a written contract cannot make it binding when fraud has become a part of it. The terms of the contract already quoted, did not prevent the law from inquiring into and granting relief from fraud, if it

was in fact established.  *Brown* v. *Grow,* 249 Mass. 495, 501, 502.  *Butler* v. *Prussian,* 252 Mass. 265.

The plaintiffs were unable to read English.  They signed a contract which was not read to them and which they did not understand.  The representations, that the defendant corporation was in the nature of a coöperative bank and that the money could be withdrawn at any time after eight months, were false and the plaintiffs relied on them.  It is a fraud, on an illiterate man, unable to read the English language, to induce him to enter into a written contract by misrepresentations as to its meaning.  Although one who cannot read is bound by his contracts, in the absence of fraud, *Grace* v. *Adams,* 100 Mass. 505, *McNamara* v. *Boston Elevated Railway,* 197 Mass. 383, *Tremont Trust Co.* v. *Burack,* 235 Mass. 398, *Alemian* v. *American Express Co.* 237 Mass. 580, where knowledge of a party's inability to read is brought home to a carrier, it has been held that the question whether a contract limiting the carrier's liability has or has not been made depends on the fact whether the shipper agreed to the limitation.  *McKinney* v. *Boston & Maine Railroad,* 217 Mass. 274, 277.  If the contents of the written instruments were misrepresented to the plaintiffs and they were unable to read the language, and they relied on these misrepresentations, this was a fraud which rendered the written contracts voidable.  *Trambly* v. *Ricard,* 130 Mass. 259.  *O'Donnell* v. *Clinton,* 145 Mass. 461.  See *Peaslee* v. *Peaslee,* 147 Mass. 171, 180; *Bliss* v. *New York Central & Hudson River Railroad,* 160 Mass. 447, 453, 454; *Larsson* v. *Metropolitan Stock Exchange,* 200 Mass. 367.  Because of the fraud practised on the plaintiffs they can recover at law.

The defendant contends that there was no evidence offered of damages.  No issue of this kind was raised at the trial.  The defendant's requests bearing on the question of damages did not bring it to the attention of the trial judge.  The plaintiffs could recover what they lost by reason of the defendant's fraud.  *Fitzgerald* v. *Guaranty Security Corp.* 239 Mass. 174, 180.

In each case the entry must be

*Exceptions overruled.*