NEW YORK FACTORS, INC. *vs.* GEORGE LEVINE'S SONS CO., INC.

Suffolk. December 9, 1964. — February 1, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Set-off.* *Contract,* Respecting set-off.

Properly construed, a provision of an agreement of sale, that a paragraph in a previous agreement giving the buyer only certain limited rights of set-off against the seller should "not apply to . . . [the instant] agreement; payment for all merchandise to be made as provided in . . . [the instant] agreement," did not bar the buyer from asserting a right of set-off against an amount due from the buyer to the seller.

CONTRACT. Writ in the Superior Court dated February 20, 1962.

The action was heard by *Spring,* J.

*Paul V. Power* for the plaintiff.

*Martin W. Cohen* for the defendant.

WHITTEMORE, J. These are the plaintiff's exceptions to the denial of certain requests for rulings in an action tried to a judge without a jury in the Superior Court. The judge found for the plaintiff in the sum of $24,651.24 (due on assigned claims) and for the defendant on its declaration in set-off for the same sum, having also found that the plaintiff's assignor was indebted to the defendant in a larger sum.

The only issue is whether the right of set-off was waived or barred by an agreement.

The plaintiff's assignor, Unimark Photo, Inc. (Unimark), sold merchandise to the defendant under a dealer franchise agreement of July 18, 1961, that provided: "26) It is specifically understood and agreed that the provisions of paragraph four of the agreement of December 24, 1959, made between Unimark, Samuel A. Levine, and Vladimir J. Wolf shall not apply to this franchise agreement; payment for all merchandise to be made as provided in this franchise agreement."

The agreement of December 24, 1959, gave the defendant certain specified rights to set off part of an indebtedness of Unimark against amounts to be due to Unimark for merchandise purchased under franchise agreements therein referred to.

We assume, without deciding, that (1) except for the express provisions in the July, 1961, franchise, the provisions in respect of set-off in the December 24, 1959, agreement would have been applicable, and (2) those provisions would have operated as a substitute for, and hence a waiver of, rights of set-off otherwise existing. *Gutchess* v. *Daniels,* 49 N. Y. 605. *Lerner* v. *Rivera,* 25 Misc. 2d (N. Y.) 558, 559–560. *Armour & Co.* v. *Whitney & Kemmerer, Inc.* 164 Va. 12, 22–25. Annotation, 98 A. L. R. 602. See *McGuin-*

*ness* v. *Kyle,* 208 Mass. 443, 445–446 (set-off agreement permissible) ; *E. V. Harman & Co.* v. *William Filene's Sons Co.* 232 Mass. 52 (estoppel by conduct).

The special terms of set-off provided in the earlier agreement were, however, expressly excluded from the later agreement. Hence the issue is only the effect of the words, following the semi-colon, "payment for all merchandise to be made as provided in this franchise agreement." The plaintiff argues that these words, in context, are an agreement that the purchaser should not have even the limited contractual right of set-off earlier provided but should in all events make payments in accordance with the terms specified elsewhere in the document.

It is at best conjectural whether the parties had such an intent. See *Updike* v. *Oakland Motor Car Co.* 53 F. 2d 369, 372–373 (2d Cir.). The only plain meaning of the clause is that expressed: Payment for this merchandise shall be as provided elsewhere herein. So construed, the clause is not redundant surplusage. The provision for limited set-off in the earlier agreement was a complicated one; the documents indicate a somewhat intricate set of relationships; the clause was an appropriate means of recording the understanding and agreement of the parties that there were no commitments between them qualifying the obligation to pay for the merchandise sold under the particular franchise.

The parties have not argued that the contract is to be construed under the law of New York although there are some indications that it was made in that State. In our view of the case, nothing turns on the point.

There was no error. *Goldman* v. *Noxon Chem. Prod. Co.* 274 Mass. 526.

*Exceptions overruled.*