JOHN L. BYRNE *vs.* MASSASOIT PACKING COMPANY.

Suffolk. Jan. 17. — June 26, 1884. C. ALLEN &' HOLMES, JJ., absent.

A corporation entered into a written contract with an agent, by the terms of which he guaranteed that his sales should not be less than a certain sum for the term of his employment, and that all sales should be made to good and responsible parties, and at not less than market prices. *Held,* in an action against the corporation for the breach of a written contract, made by its agent in its name, to sell goods to the plaintiff, that the authority of the agent was not limited by the provisions in the contract between him and the corporation, and such provisions could not affect third persons ; and that evidence that the agent, in making the sale to the plaintiff, violated such provisions, was inadmissible.

In an action for the breach of a written contract, made by an agent of the defendant in another State, for the sale of goods to the plaintiff, evidence of a custom among dealers in such goods in this Commonwealth to accept or reject contracts made by their selling agents is inadmissible, in the absence of evidence that such a custom was known in the place where the contract was made, or that any notice of it was given to the plaintiff.

CONTRACT, for the breach of a written agreement made by J. J. Brookman, the agent of the defendant, in its name, with the plaintiff, in New Orleans, Louisiana, for the sale of 3000 barrels of mackerel. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows :

There was a written contract between the defendant and its said agent, by which the defendant engaged Brookman as its selling agent, for nine months, and agreed to pay him a certain salary ; and Brookman guaranteed that his sales should not be less than $200,000 for the nine months, " and that all sales shall be made to good and responsible parties, and at not less than market prices, quotations to be furnished said Brookman by said company."

The defendant contended that Brookman violated his contract with the defendant in two respects : First. That he sold its fish at less than the market prices and the quotations furnished him by the defendant. Second. That he sold to irresponsible parties.

The defendant offered to show that the plaintiff had been a member of a partnership, and that said partnership failed about eighteen months before the date of the contract declared on,

and settled with the creditors of the firm at twenty cents on the dollar. The judge ruled that this evidence, if admissible and material at all, would be so only in case the defendant proposed further to prove that the facts offered in evidence were not known to the defendant's agent when he made the contract with the plaintiff, but came to the knowledge of the defendant, and influenced it in determining to repudiate the contract; and, as the defendant did not propose to offer such further proof, the judge excluded the evidence offered.

The defendant put the following question to the plaintiff: "Were you the owner of real estate in New Orleans in the years 1881 and 1882?" and also offered in evidence a certificate of the recorder of mortgages in New Orleans, for the purpose of showing the condition of the plaintiff's real estate in that city. The question and certificate were excluded. No evidence was offered that the plaintiff made any representations as to his real estate prior to the making of the contract declared on, or that any credit had been given to him in the making of the contract by reason of his ownership of real estate; nor was any evidence offered as to the registration laws of Louisiana in relation to real estate.

The defendant offered evidence to prove that it was the custom among fish-dealers in Boston to accept or reject contracts made by agents sent out by them to make sales. No evidence was offered to show that such a custom, if it existed, was known in New Orleans, or that any notice of such custom was given to the plaintiff. The evidence of custom offered was excluded.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. R. Brown*, for the defendant.

*R. M. Morse, Jr.*, for the plaintiff.

W. ALLEN, J. The authority of Brookman as selling agent of the defendant was not limited by the provisions in the contract between them, by which he guaranteed that his sales should not be less than $200,000, and that all sales should be to good and responsible parties, and at not less than market prices. This was an arrangement between the principal and agent which could not affect, and was plainly not intended to affect, third parties. The evidence offered to prove that the

agent had violated his agreements to sell to good and responsible parties, in making the sale to the plaintiff, was therefore immaterial, and was properly excluded, even if it was competent evidence to prove the fact for which it was offered.

The evidence to prove a custom among fish-dealers in Boston to accept or reject contracts of selling agents, not known to the plaintiff, nor in New Orleans where the contract was made, was properly excluded.                   *Exceptions overruled.*