## HOWARD S. HILLS *vs.* PEOPLES EXPRESS, Inc.

Essex. October 17, 1921. — November 22, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Consideration, Payment. *Payment. Agency,* Scope of authority.

In an action by an individual against a corporation upon a negotiable promissory note of the defendant payable to the plaintiff, it appeared that the defendant had given the note to the plaintiff in exchange for a note of the plaintiff payable to a bank, which the defendant then indorsed and discounted with the bank, depositing the proceeds in another bank, and that the plaintiff later paid the note given by him. *Held,* that the note in suit was given for a valid and sufficient consideration.

At the trial of the action above described, it appeared that, upon a representation to the plaintiff by his brother, formerly owner of a majority of the stock of the corporation and its treasurer and manager and one of its directors, that the note in suit would be paid by the defendant, the plaintiff gave to his brother an order on an attorney, who had the note in his possession for collection, for delivery of the note; that one, who then was the brother's successor as treasurer and manager and a director of the corporation, tendered to the brother in payment of the note two instruments in writing purporting to transfer to the plaintiff a garage on leased land and a motor truck, and the brother accepted the instruments and delivered to the treasurer the order upon the attorney for the note; that the plaintiff, when informed of the arrangement, refused to accept the papers as a payment or to surrender the note unless the note was paid in cash. *Held,* that

(1) It did not appear that the plaintiff's brother was authorized to accept anything other than cash in payment of the note;

(2) The defendant was bound to inquire and to ascertain the extent of the authority of the plaintiff's brother;

(3) The acceptance by the plaintiff's brother from the defendant's officer of the instruments above described could not be ruled to be a payment of the note.

CONTRACT upon a negotiable promissory note for $800 made by the defendant on December 15, 1917, payable to the order of the

plaintiff. Writ dated May 27, 1918.

The action was tried in the Superior Court before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $901.07; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Duffy*, for the defendant.

*W. W. Stover, E. L. Sweetser & W. P. Lombard*, for the plaintiff.

CROSBY, J. At the time of the execution and delivery of the note which is the subject of this action the defendant company was carrying on an express business. The plaintiff's brother, Forrest E. Hills, was the treasurer, manager and a director of the defendant corporation and owned a majority of its stock. The company being in need of funds, he applied to the plaintiff for a loan of $800, which the plaintiff agreed to make, and thereupon Forrest, as treasurer, executed the note in suit and delivered it to the plaintiff, receiving in exchange therefor a promissory note for the sum of $800 payable to the order of the First National Bank of Ipswich. This note was then indorsed in the name of the defendant by Forrest E. Hills, as treasurer, and discounted by him at the Ipswich bank; and the proceeds were deposited in the First National Bank of Newburyport in the name of the defendant, with other funds there on deposit belonging to it, and were used in the payment of its debts. There was evidence to show that before this action was brought the plaintiff took up the note given by him to the Ipswich bank, by paying in cash a part of the principal and giving a new note for the balance; and that subsequently he made partial payments from time to time and gave a new note for the unpaid balance until the entire obligation was paid. There was also evidence that, after the note in question was given, Forrest E. Hills sold his stock in the corporation to one McCarthy and resigned the various offices which he held in the company; that McCarthy agreed to pay the note to the plaintiff, which had previously been left by him with his attorney, one Bailey, for collection; that Forrest represented 'to the plaintiff that the note was to be paid and obtained from him an order on Bailey for its delivery; that McCarthy tendered to Forrest two instruments in writing purporting to transfer to the plaintiff a

garage standing on leased land, and a motor truck, in payment of the note, and Forrest accepted these instruments and delivered to McCarthy the order addressed to the plaintiff's attorney, together with an order signed by Forrest, requesting the attorney to deliver to McCarthy the note; that when Forrest informed the plaintiff of the arrangement he refused to accept the papers, or to surrender the note unless it was paid in cash; and that the plaintiff's attorney also refused to deliver the note to McCarthy upon the latter's presentation of the order. Upon this evidence the motion to direct a verdict for the defendant was rightly denied.

The plaintiff never received any payment on account of the note, which was in his possession outstanding and unpaid. It was given by the defendant for a valuable consideration. The plaintiff, instead of advancing cash in exchange for the note, gave his own note payable to the First National Bank of Ipswich, and delivered it to the defendant, which discounted it, deposited the proceeds to its credit, and used the money in payment of its debts. This note was paid by the plaintiff by cash and the giving of a new note, thereby discharging the defendant from liability thereon as indorser. The note given by the plaintiff to the bank could have been found to have been so given as a means of obtaining the money which he had loaned to the defendant. The situation is not different than it would be if the plaintiff had delivered $800 in cash to the company. The note given to the bank was not an accommodation note or a mere loan of credit, it has been paid in full; the loan was a valid and sufficient consideration for the note in suit. *Eaton* v. *Carey*, 10 Pick. 211. *Higginson* v. *Gray*, 6 Met. 212.

The tender to and acceptance by Forrest E. Hills of the two instruments purporting to convey title to the garage and motor truck to the plaintiff could not properly have been ruled to be a payment of the note. As soon as he learned of the transaction he promptly repudiated it. Although the plaintiff's brother was his agent to collect the note it was his duty to make the collection in cash; and he never was authorized to accept anything else in payment. He was a special agent with limited authority and could bind the plaintiff only while he acted within the scope of the power delegated to him. It is well settled that a person dealing with a special agent is bound to inquire and ascertain the

extent of his authority. *Brown* v. *Henry*, 172 Mass. 559, 566. *Lovett, Hart & Phipps Co.* v. *Sullivan*, 189 Mass. 535, 536. *Cauman* v. *American Credit Indemnity Co. of New York*, 229 Mass. 278, 283.

*Exceptions overruled.*