JESSIE FERRAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 3, 4, 1924. — May 22, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Agency,* Scope of authority: of investigator for street railway company. *Corporation,* Officers and agents. *Contract,* What constitutes, For settlement of claim for personal injuries.

An action by a woman against a street railway company, for breach of an alleged agreement to settle a claim for personal injuries with the plaintiff without the intervention of a lawyer, cannot be maintained on evidence which tends merely to show that, after an accident to the plaintiff while she was a passenger of the defendant, one who was an investigator and adjuster for the company, under instructions from

his superior to see the plaintiff and, if she made claim against the defendant, to obtain a release for a sum not to exceed $50, interviewed the landlord of the plaintiff, the plaintiff then being in a hospital, gave him a card bearing his name and after it the name of the defendant, and requested him to tell the plaintiff "not to hire a lawyer and after she comes home I will come and settle with her;" that after the plaintiff returned from the hospital the same investigator and adjuster interviewed the plaintiff and replied in the affirmative to her question, "Did you tell me when I came home you would settle my case?"; that an examination of the plaintiff was made by a physician for the defendant; that thereafter the superior of the investigator and adjuster authorized him to offer $75 in settlement "if that would help out on the expense caused by her accident;" and that such offer was then made to the plaintiff and was refused.  *Held*, that

(1) There was no evidence to show that the investigator and adjuster had any general authority to settle the claim for the defendant;

(2) The card sent to the plaintiff by the investigator and adjuster was not evidence that he had such authority;

(3) The only reasonable inference from the evidence was that the investigator and adjuster was a special agent with a limited authority, which was far short of any power to make a settlement of the plaintiff's claim, and one dealing with such an agent was bound to ascertain the nature and extent of his authority;

(4) The principle, that, when the relation of principal and agent is found to exist, the principal is responsible for all acts of the agent within the apparent or ostensible scope of his authority, had no application, there being no evidence to show that the defendant by act or conduct gave the public or the plaintiff to understand that the investigator and adjuster had any general authority to settle claims made against it.

CONTRACT for breach of an alleged agreement by the defendant to settle a claim of the plaintiff for personal injuries without the intervention of a lawyer.  Writ dated March 15, 1919.

In the Superior Court, the action was tried before *Lummus*, J.  Material evidence is described in the opinion. A verdict for the defendant was entered by order of the judge.  The plaintiff alleged exceptions.

*P. H. Kelley*, for the plaintiff.

*C. W. Mulcahy*, for the defendant.

CROSBY, J.  This action is to recover damages for the breach of an alleged contract to settle a claim of the plaintiff without the intervention of a lawyer.  The damages alleged in the first count of the declaration are compensation for pain and suffering, impairment of health and medical

expenses. The second count is for the recovery of the fee of the plaintiff's attorney, retained to enforce her claim. At the close of the plaintiff's evidence the defendant filed a motion that a verdict be directed in its favor; the motion was allowed as to both counts, and the plaintiff excepted.

There was evidence that, on January 19, 1919, the plaintiff, who was a passenger of the defendant, was injured by the closing of the door of an elevated train she was entering at the Boylston Street station in Boston. The accident was referred to the claims department of the defendant by one of its employees, and on the following day John J. Reynolds, one of its claims attorneys, assigned the case to one Gahan, an investigator and adjuster of the company, with instructions to see the plaintiff and obtain a release for a sum not to exceed $50, if she made claim against the defendant. Afterwards, on March 13, 1919, he gave further instructions to Gahan to see the plaintiff in response to her letter of March 2, and offer her $75 " if that would help out on the expense caused by her accident." Reynolds testified that the instructions to pay her $75 were given after alleged witnesses were interviewed and their statements read to him, and the plaintiff had demanded $3,000. He further testified that after reading reports of the investigation he concluded that the defendant was not at fault.

There was evidence that on the day after the accident Gahan saw the plaintiff's landlord, one Hadje (she then being in a hospital) and asked him to see the plaintiff and said, " You tell Jessie not to hire a lawyer and after she comes home I will come and settle with her." Hadje agreed to do so and Gahan gave him a card with directions to give it to the plaintiff. This card read as follows: " James C. Gahan, Boston Elevated Ry. Co., 101 Milk St. Boston." There was evidence that the card was delivered to the plaintiff. On January 29, 1919, the plaintiff left the hospital and returned to her home; and a few days later Gahan called and had a conversation with her, in the course of which she referred to the card and said " Did you tell me when I came home you would settle my case? " and he said " Yes," that he told her that she would have to be examined by a physician

who would make a report. On or about February 10, 1919, the plaintiff was examined by a physician sent by Reynolds who made a report to the defendant; and on February 26, 1919, Gahan called on the plaintiff and told her that the company contended the accident was due to her own fault. He then offered her $75 which she refused.

There is no evidence in the record to show that Gahan had any general authority to settle claims against the defendant company. He was an investigator and adjuster under the direction of the attorney of the claims department. His authority in this instance was limited to investigating the accident to the plaintiff and thereafter communicating to her the specific offer authorized by the attorney. The card sent to the plaintiff was not evidence that Gahan had any general authority to make a settlement with her and cannot be so construed. If it be assumed the card showed that Gahan was in the employ of the defendant, there is nothing to show what his duties were or the extent of his authority. The only reasonable inference from the evidence is that he was a special agent with a limited authority, which was far short of any power to make a settlement of the plaintiff's claim. One dealing with such an agent is bound to ascertain the nature and extent of his authority. *Lovett, Hart & Phipps Co.* v. *Sullivan,* 189 Mass. 535, 536. *A. Blum Jr.'s Sons* v. *Whipple,* 194 Mass. 253. *Blaisdell* v. *Hersum & Co. Inc.* 233 Mass. 91. *Hills* v. *Peoples Express, Inc.* 240 Mass. 96.

The principle, that, when the relation of principal and agent is found to exist, the principal is responsible for all acts of the agent within the apparent or ostensible scope of his authority, has no application to the facts in the present case.

There is no evidence to show that the defendant by act or conduct gave the public or the plaintiff to understand that Gahan had any general authority to settle claims made against it. In representing the company, his real powers were to investigate and adjust claims under the direction of the claims attorney, and no inference can be drawn that he had any other or greater authority. The cases of *Brooks*

v. *Shaw,* 197 Mass. 376, *Rintamaki* v. *Cunard Steamship-Co. Ltd.* 205 Mass. 115, *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550, cited by the plaintiff, are all distinguishable in their facts from those in the case at bar. See also *Forgeron* v. *Corey Hill Garage, Inc.* 249 Mass. 163. As Gahan had no authority to make a contract with the defendant for a settlement of her claim, the other grounds of defence argued need not be considered.

*Exceptions overruled.*