HARRY KLAYMAN *vs.* PHILIP SILBERSTEIN.

Suffolk.        March 10, 1925. — May 19, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Broker*, Commission. *Practice, Civil*, Verdict. *Evidence*, Presumptions and burden of proof.

At the trial of an action by a real estate broker for a commission alleged to have been earned in accordance with a contract between the plaintiff and the defendant which provided that the plaintiff should be paid a commission if he procured a customer for certain land on terms described, it is immaterial that the land was owned by the defendant's wife.

At the trial of an action by a real estate broker for a commission, the declaration was in two counts, one relying on an agreement by the defendant employing the plaintiff to sell certain real estate upon stated terms, and the other relying upon a contract of exclusive agency between the plaintiff and the defendant. At the trial evidence of the plaintiff, which was controverted, tended to show that the defendant said to the plaintiff, "why don't you sell my property . . . I am anxious to sell it as I need the money now"; that he gave the plaintiff details as to the property and the price and terms sought; and also that the plaintiff said to the defendant, "I would like to take your property for sale provided you give me some time for the exclusive right for selling it. I want around a month or more, if possible," and the defendant replied, "I will give you two months and I won't even try to sell it myself." There was further evidence that the plaintiff procured a customer ready, able and willing to purchase on the terms offered by the defendant. The defendant contended that, unless the jury found that the contract of exclusive agency was made, the plaintiff could not recover. The judge refused so to rule and left the action with the jury on both counts. There was a general verdict for the plaintiff. *Held*, that

(1) The jury were not required as a matter of law to accept as true or reject the whole or any part of the testimony of either party, but could credit such portions of it as they deemed worthy of credence;

(2) The jury might believe that part of the defendant's evidence which tended to show no exclusive agency and disbelieve that part of the plaintiff's evidence which tended to show that there was exclusive agency, and believe the rest of the plaintiff's evidence;

(3) The verdict for the plaintiff was warranted.

CONTRACT by a real estate broker for a commission, with the declaration described in the opinion. Writ dated September 16, 1922.

In the Superior Court, the action was tried before *Qua*, J. Material evidence and requests by the defendant for rulings are described in the opinion. In his charge, the judge, after careful instructions to the jury as to the nature of the ordinary agency relation of broker and client and of the exclusive agency relation, charged them as follows: "Now if you find that that conversation took place, and that there was a meeting of minds between these parties on the exclusive agency, and that the property was sold within two months, — and that is not disputed that the property was sold within two months, there is no dispute about that, — then the plaintiff is entitled to a commission if he had the exclusive agency contract. If he did not have the exclusive agency contract, that is, if you are not satisfied that the plaintiff is telling the truth about the exclusive part, and if you are simply satisfied that the plaintiff was employed on the usual terms without that exclusive feature, then the plaintiff is entitled to recover if you find that he found a purchaser ready, willing and able to buy on the defendant's terms and was the efficient proximate cause of bringing about that sale and the other requirements are present which I have specified before. The burden of proof rests upon the plaintiff to satisfy you that there was a contract of brokerage between the plaintiff and the defendant of either one kind or the other, and that burden of proof I say is the burden of proving by a fair preponderance of all the evidence."

The judge also instructed the jury that it was agreed that, if they found for the plaintiff, they should find in the sum of $1,325 with interest. There was a general verdict for the plaintiff in the sum of $1,466.11. The defendant alleged exceptions.

In this court, the defendant stated: "The question to be decided in this case is simple. Is a broker, suing for a commission and supporting his claim solely by evidence of having been given the right of exclusive sale, entitled to have the jury consider whether he may not have earned a commission without having been given the right of exclusive sale?"

*John Jackson Walsh*, for the defendant.

*E. M. Dangel*, for the plaintiff.

CROSBY, J. This is an action of contract to recover a real estate broker's commission. The case was submitted to the jury on the first and second counts of the declaration. The first alleges that the plaintiff was employed, by the defendant, as a broker to sell certain real estate, upon the terms therein stated; that he procured a customer upon those terms; and that the defendant owes him a commission for his services. The second count alleges that the plaintiff was employed, by the defendant, as an exclusive broker with the sole right to sell the real estate described in the first count upon the terms therein stated; that the plaintiff procured a customer upon those terms; that he (the plaintiff) had the exclusive right to sell; and that the defendant made a sale of the property, and the plaintiff is entitled to a commission on such sale. The jury returned a general verdict for the plaintiff.

The plaintiff's evidence tended to show that in May, 1921, the defendant said to the plaintiff, "'Klayman, why don't you sell my property . . . ? I am anxious to sell it as I need the money now.' The defendant told the plaintiff in detail the amount of the first mortgage, the assessment, the income, and further said, 'The asking price is $48,000 but when it comes to real business I will shade some. If you . . . will get a customer I . . . will sell for $47,000. The purchaser [was] to put in $4,000 or $5,000 in cash, depending upon whether the price were $47,000 or $48,000, and for the balance the defendant would take a second mortgage.'"

The plaintiff's evidence further tended to show that he said to the defendant, "'I would like to take your property for sale provided you give me some time for the exclusive right for selling it. I want around a month or more, if possible.' To which the defendant replied: 'I will give you two months and I won't even try to sell it myself.'"

The plaintiff introduced further evidence to show that he procured purchasers, showed them the property, introduced them to the defendant, and that they were able, willing and ready to buy on the defendant's terms.

The defendant offered evidence tending to show that he did not employ the plaintiff; that he never saw him until

after he had negotiated with the persons whom the plaintiff contends he had procured as customers. The defendant requested the judge to instruct the jury: (1) "There is no evidence on the part of the plaintiff in this action tending to prove any contract of employment except a contract giving the plaintiff the exclusive right for a period of two months to sell the property of the defendant's wife;" and (2) "If the jury are not satisfied, by a fair preponderance of the evidence, that the plaintiff was given the exclusive right to sell the property of the defendant's wife for a period of two months, the verdict must be for the defendant." The requests were refused, and the defendant excepted.

Although it is stated in the record that the evidence was conflicting whether the property belonged to the defendant or to his wife, the judge told the jury that the title was in the name of the defendant's wife. The ownership, however, was immaterial so far as the issues involved at the trial were concerned. The right of the plaintiff to receive a commission was the same whether the defendant or his wife owned the property, and the jury were so instructed.

The defendant did not rest on the plaintiff's testimony but introduced evidence tending to show that no contract whatever was made with the plaintiff. It was open to the jury to believe the testimony of the defendant to the effect that no exclusive agency was given to the plaintiff, and to believe that part of the plaintiff's evidence to the effect that a contract of employment was made, and to disbelieve that part of the plaintiff's testimony tending to show that the employment was exclusive. It was the duty of the jury to find the facts by weighing all the testimony. They were not required to accept as true or reject the whole or any part of the testimony of either party, but could credit such portions of it as they deemed worthy of credence. *Ingraham* v. *Boston & Northern Street Railway,* 207 Mass. 451, 456. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323. *Hill* v. *West End Street Railway,* 158 Mass. 458. *Hankinson* v. *Lynn Gas & Electric Co.* 175 Mass. 271. *Barney* v. *Magenis,* 241 Mass. 268, 272. It follows that the requests were rightly refused.

If, as could have been found, the plaintiff procured a customer, known and acceptable to the defendant, for a price for which he had authorized the sale of the property, the plaintiff was entitled to a commission. *Willard* v. *Wright,* 203 Mass. 406. *Leland* v. *Barber,* 228 Mass. 144. *Whitkin* v. *Markarian,* 238 Mass. 334.

*Exceptions overruled.*