RUBIN ROSENBERG *vs.* SAMUEL KARAS & another.

Suffolk. March 21, 22, April 4, 1927. — May 20, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency*, Existence of relation. *Parent and Child.*

Where, at the trial of an action against two persons for personal injuries received when, on March 22, an automobile alleged to have been owned by the defendants and driven by the son of one of them ran into the plaintiff, there was evidence of such ownership and relationship of one of the defendants to the driver and that the driver had worked for his father during March before the accident and previous to that time, but no further evidence relating to a relation of master and servant between the defendants and the driver, a verdict for the defendants should have been ordered.

TORT for personal injuries. Writ dated May 10, 1917.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence is stated in the opinion. The accident occurred on March 22, 1917. There was evidence that the son of the defendant Samuel Karas had worked for his father in March before the accident and previously. At the close of the plaintiff's evidence, the defendants rested and moved that a verdict be entered in their favor. The motion was denied. There was a verdict for the plaintiff in the sum of $5,000. The defendants alleged exceptions.

*H. Kalus*, for the defendants.

*T. F. Callahan & E. J. Harrigan*, for the plaintiff, submitted a brief.

CARROLL, J. The plaintiff was run into and injured by a motor truck with registration number B16581–1917, driven by Ralph Karas, who testified that the truck belonged to him and "the defendant Cron." There was evidence that the truck was on the wrong side of the street; that the accident happened between seven and eight o'clock in the evening; that the lights of the truck were not lighted, that no warning of its approach was given by sounding the horn; and that it was moving at the rate of twenty or twenty-

five miles an hour.  There was evidence of the plaintiff's care.  We assume that the accident happened on March 22, 1917.

The records of registration for automobiles in the year 1917 had been destroyed at the time of the trial.  A witness for the plaintiff testified that in the year 1917 he examined the records of the registry of motor vehicles and found that truck B16581 was registered in the names of Samuel Karas and Samuel Kron.  Samuel Karas denied that he ever owned the truck.  The defendant Cron, or Kron, was not present at the trial.

Even if it be assumed, without deciding, that the fact of the registration of the truck in the names of Karas and Kron was some evidence to show it belonged to the defendants, there was no evidence that at the time of the accident Ralph Karas was the servant of the defendants, or acting within the scope of his employment.  Considering the testimony in the light most favorable to the plaintiff, it does not indicate that Samuel Karas ever authorized the use of the truck by his son Ralph, or that Ralph was, at the time in question, acting for his father.  The evidence of Samuel and Ralph Karas might have been discredited by the jury, but there was no affirmative evidence that Ralph was using the motor truck in the business of the defendants and with their authority.  *Hartnett* v. *Gryzmish*, 218 Mass. 258, 262.  *Marsal* v. *Hickey*, 225 Mass. 170.  *Gardner* v. *Farnum*, 230 Mass. 193.

There was evidence of the driver's negligence and the care of the plaintiff; but the defendants' exception to the ruling of the judge, that the jury could find the son was working for his father and within the scope of his employment at the time of the accident, must be sustained.

*Exception sustained.*