### JULIUS KWEDARES *vs.* FRANK KNOEL.

Worcester.    September 26, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Agency*, Existence of relation. *Motor Vehicle. Practice, Civil,* Ordering verdict, Re-opening after close of evidence.

At the close of the evidence for the plaintiff in an action of tort, the defendant, without resting, moved that a verdict in his favor be ordered. During argument upon the motion, it appeared that there was a misunderstanding of testimony previously given by the plaintiff. The plaintiff then was permitted to reopen his case and himself be recalled as a witness with a view to clearing away the misunderstanding. *Held,* that there was no error of law in such proceeding.

At the trial of an action of tort for personal injuries received when a motorcycle, driven by the plaintiff, was run into from behind by a motor vehicle owned by the defendant and operated by one not in his employ, the evidence, taken most strongly in the plaintiff's favor, showed merely that the defendant stated that his wife was in his car at the time of the accident, and it was *held,* that there was nothing to show that the defendant's automobile was being operated by the defendant's agent acting within the scope of his authority, and that a verdict for the defendant should have been ordered.

TORT for personal injuries and damage to a motorcycle. Writ dated September 27, 1922.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence and the course of the trial are described in the opinion. There was a verdict for the plaintiff in the sum of $500. The defendant alleged exceptions.

The case was submitted on briefs.

*C. F. Boyle,* for the defendant.

No argument nor brief for the plaintiff.

CROSBY, J.   This action is brought to recover for personal injuries received by the plaintiff, and for damage to his motorcycle, alleged to have been caused by negligence of the defendant in operating an automobile which collided with the motorcycle.

The plaintiff testified that while operating his motorcycle on the extreme right side of Belmont Street, a public way in Worcester, it was struck from behind, he and his machine were dragged thirty or forty yards and he was rendered unconscious; that he did not observe any automobile behind or ahead of him; that the only vehicle in sight was on the top of a hill in front of him and about half a mile away; that he did not hear any horn sounded; and that he did not know at the time of the accident who was the driver of the automobile, but he was told it was one Kenton.   He further testified that about a year after the accident he had a conversation with the defendant, who came to the plaintiff's place of employment; that after talking about not going to court, the defendant said that he was the owner of the car, and he offered $400 or $500 to settle the case out of court.   We need not consider whether this statement was an offer of compromise or could be construed as an admission of liability, as that question is not raised.   The plaintiff further testified that the defendant said: "I own the car, but, he says, 'I give it to the other fellow to drive this machine to take his wife and another lady to a party here in Worcester.'"

Upon the completion of his cross-examination, the plaintiff rested.   Thereupon the defendant presented a motion for a directed verdict.   During the argument upon the motion, it appeared that "there was or might be a misunderstanding as to the testimony of the plaintiff in respect of his alleged conversation with the defendant in which the latter was alleged to have said: 'I give it to the other fellow to drive this machine to take his wife and another lady to a party here in Worcester.'"   It was contended by the plaintiff that the statement referred to the defendant's wife. As the defendant did not rest his case when the motion was

presented, the judge properly declined to consider it, and allowed the plaintiff to offer further testimony for the purpose of determining whether the statement of the defendant referred to his wife or the wife of Kenton, who drove the car. There was no error in allowing the plaintiff to present further evidence upon this question.

In the further examination of the plaintiff he was asked "Now, just repeat, tell us again the conversation that you had with Mr. Knoel. Tell us again." His answer was that the defendant said: "I let her have it for a fellow drive the car for his relations, and he says, 'my wife was in it and another lady in it,' and, he says 'to take those ladies to a party.'" At the close of the recross-examination of the plaintiff both sides rested, whereupon the defendant presented a motion that a verdict be directed in his favor; the motion was denied subject to the defendant's exception.

The testimony of the plaintiff as to his conversation with the defendant respecting the occupants of the car at the time of the accident was ambiguous, obscure and contradictory. Even if the jury could have found that the defendant had stated that his wife was in the car, there is nothing to show it was being operated by the defendant's agent acting within the scope of his employment. It does not appear that Kenton was driving the car upon any business of the defendant or had been requested to take his wife to the party. All that appears from the testimony most favorable to the plaintiff is that she was in the car. Whether she was there upon invitation of Kenton, or he had been directed by the defendant to convey her to the party, did not appear. The burden rested upon the plaintiff to prove that Kenton while operating the car was the servant of the defendant, acting within the scope of his employment rather than for his own private purpose. There was no evidence that Kenton was in the general employ of the defendant. It is well settled that proof of ownership of a car by a defendant and that the driver was in his general employ are not sufficient to establish liability for the negligence of the driver; the plaintiff must go further and offer evidence from which it can be found that the driver was engaged in the business of his employer.

In the case at bar there was no evidence warranting such a finding. *Hartnett* v. *Gryzmish*, 218 Mass. 258. *Melchionda* v. *American Locomotive Co.* 229 Mass. 202, 204. *Gardner* v. *Farnum*, 230 Mass. 193. *O'Rourke* v. *A-G Co. Inc.* 232 Mass. 129. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47. *Rosenberg* v. *Karas*, 259 Mass. 568.

The exceptions must be sustained and judgment entered for the defendant under G. L. c. 231, § 122.

*So ordered.*