IDA SILBERSTEIN *vs.* BESSIE ROSENZWEIG & another.

Norfolk.    October 19, 1927. — November 21, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Construction, Of indemnity.  *Husband and Wife.*

The mere fact, that a real estate broker had procured a judgment against a husband in an action of contract for a commission for procuring a sale of real estate of the defendant's wife, is not sufficient to entitle the wife, upon a refusal by the purchaser of the real estate to pay such judgment, to maintain an action against the purchaser upon a contract in writing to hold her "harmless from any and all claims against" her for commissions, there being no evidence that the wife ever was obligated to pay the husband's judgment creditor any commission or that she was under any agreement or obligation to reimburse her husband for any sum paid his judgment creditor or for expenses in defending the action against him.

CONTRACT against Bessie Rosenzweig and Israel Brecher upon the agreement of indemnity described in the opinion. Writ in the Municipal Court of Brookline dated May 26, 1925.

On removal to the Superior Court, the action was tried before *Keating,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendants and reported the action to this court for determination.

*John Jackson Walsh,* for the plaintiff.

*H. Silverman,* (*I. E. Paretsky* with him,) for the defendants.

PIERCE, J.   This is an action on a covenant contained in a sealed instrument, executed between Ida Silberstein of the first. part and Bessie Rosenzweig and Israel Brecher of the second part, wherein "The said Brecher and Rosenzweig hereby agree to.hold the said Silberstein harmless from any and all claims against him [her] for any other commissions." At the close of the evidence the defendants moved that a verdict be directed in favor of each of the defendants.   The trial judge allowed the motion, and the jury returned a verdict in favor of the defendants.   The plaintiff excepted to the allowance of the motion, and the case is reported to this court upon a stipulation of the parties, which need not be recited here.

The facts pertinent to the issue are as follows: Pursuant to the sealed agreement, *supra,* the plaintiff, on or about June 20, 1921, conveyed to the defendants certain premises in Boston.   The agreement contained the statement that "It is understood that a broker's commission of three hundred dollars on the said sale is to be paid to Julius Brecher by the said party of the first part [the plaintiff] if papers are passed"; and it also contained the covenant, *supra,* on which the plaintiff rests her right of recovery.   On September 16, 1922, one Harry Klayman brought an action in the Superior Court against Philip Silberstein, husband of the plaintiff, to recover a real estate broker's commission for the sale of the land to the defendants.   The plaintiff in that action held a verdict against Philip Silberstein on exceptions to this court.   *Klayman* v. *Silberstein,* 252 Mass. 275.   The damages sought to be recovered on the covenant, against these defendants, are the amount of the judgment thus obtained, and counsel fees and expenses for two trials.   There is no reported evidence that the plaintiff was ever obligated to pay Klayman any sum as a commission for the sale of the land to the defendants, and no evidence of any agreement, much less of any obligation, on her part to indemnify her husband for any sum which he has paid or may pay on account of the judgment obtained against him and for his expenses incurred in defending the action.   There is no evidence reported that would warrant a jury in finding any

breach of the covenant.  It follows that the judge rightly directed a verdict for the defendants on the pleadings and evidence.  And it further follows that, in accordance with the terms of the stipulation, judgment is to be entered for the defendants on the verdict.

*So ordered.*