JAMES DENNIS *vs.* DERMOTT GLYNN.

Middlesex.    November 28, 1927.— January 6, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* What constitutes.    *Parent and Child.  · Motor Vehicle.*

A father owning an automobile is not liable for personal injuries caused by negligence of a minor son in operating it merely by reason of the fact that he owned the automobile and permitted the son to operate it: to establish such liability it must appear that the son at the time of the negligent operation was the father's agent, acting for him, engaged in his business, or carrying out his directions.

Where, at the trial of an action for injuries received by reason of negligence of the defendant's son, eighteen years of age, in driving an automobile owned by his father, there was evidence showing merely that, without the permission or knowledge of the father, the son took the automobile for a drive in the evening and invited to go with him his brother, four years of age, who was playing around the yard under the general supervision of the father, a finding was not warranted that the son was acting for the father, engaged in his business, or carrying out his directions.

TORT for personal injuries.    Writ dated November 21, 1925.

In the Superior Court, the action was tried before *Keating,* J.    Material evidence is stated in the opinion.    There was a verdict for the plaintiff in the sum of $1,000, and the judge reported the action to this court for the determination of the question, whether the case should have been submitted to the jury.

*W. J. Bannan,* (*T. F. Bannan* with him,) for the defendant.
*J. F. Daly,* for the plaintiff.

CARROLL, J.    The plaintiff was struck and injured by an automobile belonging to the defendant and operated by his son John, who the jury could have found was negligent. There was a verdict for the plaintiff, and the case is in this court on a report of the trial judge.

John Glynn, the defendant's son, eighteen years of age, lived with his father and was licensed to operate automobiles. Shortly before eight o'clock on the night of the accident, he

went to the garage which was situated in the rear of the defendant's house and drove away. As he was leaving the yard, he invited his four-year old brother, who was playing there, to accompany him. The defendant was at this time sitting on the back porch. John, called as a witness by the plaintiff, testified that he said nothing to his father about taking the automobile, and "his father was not in a position to see him when he drove away"; that his father could see his brother "if he looked around that way"; that "There had been no talk about taking the child out, and he picked him up to take him 'out for a ride' 'any place I felt like going,' without asking his father's permission or telling him that he was taking the child." The defendant, who was also called by the plaintiff, testified that he did not see John "take the car" and "was unaware that he had done so"; that "The four-year old boy was playing around in the yard, and the father was exercising general supervision over him"; that "John had his permission to take the car" but "did not have permission to take the four-year old boy out"; that he "did not notice John going to the garage, and did not see him coming out with the car. He could not tell where the boy was when John took the car out."

The defendant was not liable merely because he owned the automobile and permitted his son to operate it. To establish liability there must be evidence that the driver was the defendant's agent and at the time engaged in his business. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. *Haskell* v. *Albiani*, 245 Mass. 233. *Kwedares* v. *Knoel*, 261 Mass. 91, and cases cited. The burden was on the plaintiff to show that John was the defendant's agent. He was not the defendant's servant merely because his younger brother was riding with him. There was no evidence that he invited his brother at the defendant's request, or that his father directed him to do this. All that appears, taking the evidence in its most favorable aspect for the plaintiff, is that the father might have seen the child in the automobile. This is insufficient to prove that John was acting for the father, engaged in his business, or carrying out his directions. *Kwedares* v. *Knoel, supra.*

The plaintiff relies on *Bourne* v. *Whitman,* 209 Mass. 155, 173.   In that case there was evidence that the operator was representing the defendant in running the automobile and was the regularly employed chauffeur.   It is to be distinguished from the case at bar on this ground.   In *Campbell* v. *Arnold,* 219 Mass. 160, there was evidence that the driver of the automobile was acting at the time of the accident as the defendant's agent.

As there was no evidence that John was at the time of the accident acting as the defendant's agent, judgment is to be entered for the defendant.

*So ordered.*