BERTHA E. COYLE *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.  December 9, 1930. — December 11, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Evidence*, Inconsistent statements of witness, Presumptions and burden of proof.  *Negligence*, Contributory, Motor bus.

At the trial of an action of tort by a woman against the proprietor of a motor bus, the plaintiff testified on direct examination that, as she was boarding the bus and had one foot on the step, was "drawing the other one up to it" and had hold of a rod with her hand, the bus started very abruptly; that she held on to the rod and managed to draw herself into the bus; and that then, after it was in motion, she swung herself around and fell into a seat, whereby she was injured.  On cross-examination she answered affirmatively questions, designed to elicit unequivocal, categorical answers, that she "got into the bus all right" and then "fell on to the seat."  *Held*, that

(1) The testimony of the plaintiff on cross-examination did not have the effect as matter of law of annulling that given by her on direct examination: at most, the effect of her more or less inconsistent statements on cross-examination was for the jury;

(2) The entire testimony of the plaintiff on both direct and cross-examination warranted a finding that, although she was able to get within the body of the bus and then fell into the seat, she was not enabled to get safely within the bus before it started;

(3) Such testimony warranted findings that the plaintiff was not guilty of contributory negligence and that the defendant's agents in charge of the bus were negligent;

(4) A verdict for the plaintiff was warranted.

A party calling witnesses does not necessarily become bound by their testimony.

TORT.  Writ dated July 16, 1928.

Material evidence at the trial in the Superior Court before *McLaughlin*, J., is stated in the opinion.  The judge denied a motion by the defendant that a verdict be ordered in its favor.  There was a verdict for the plaintiff in the sum of $1,000.  The defendant alleged an exception.

*S. A. Seder*, for the defendant.

*F. B. Spellman*, for the plaintiff, submitted a brief.

RUGG, C.J.   This is an action of tort to recover compensation for injuries alleged to have been sustained by the plaintiff, while attempting as a passenger to board a bus of the defendant, through the negligence of its operator.   Several members of the plaintiff's family had already stepped into the body of the bus.   She was the last of her party to attempt to get on.   The plaintiff testified that she had one foot on the step of the bus and one foot on the ground; that there was a rod on which she put her hand and she was attempting to get herself on the bus; that she was not very quick because it was hard for her and that the operator " started the bus very abruptly . . . very quickly; very fast "; that her position was " one foot on the step and drawing the other one up to it "; that as the bus started very rapidly she held on to the rod and managed to draw herself into the bus, and then after it was in motion swung herself around and fell into a seat, whereby she was injured.   On cross-examination she answered affirmatively questions, designed to elicit unequivocal, categorical answers, that she " got into the bus all right " and then " fell on to the seat."

It is plain that the testimony of the plaintiff on direct examination, if believed, warranted a finding that the bus was started before she had safely reached a position within the body of the bus and therefore would form a basis for the finding of negligence on the part of the operator of the bus.   On that testimony it might have been found that the plaintiff had become a passenger and that the defendant was obliged to treat her with the high degree of care owed to passengers and to permit her to reach a place of safety within the body of the vehicle.   *Hamilton* v. *Boston & Northern Street Railway,* 193 Mass. 324. *Franz* v. *Holyoke Street Railway,* 239 Mass. 565, 568. *Fournier* v. *Holyoke Street Railway,* 258 Mass. 257. *Weiner* v. *Boston Elevated Railway,* 262 Mass. 539.   It cannot be said that her testimony on cross-examination, as matter of law, had the effect of annulling that given on direct examination.   At most, it is an instance where the witness has made more or less inconsistent statements in

the course of an examination and where it is for the jury to say where the truth is. *Gold* v. *Spector,* 247 Mass. 110, 111. *Goodell* v. *Sviokcla,* 262 Mass. 317, 319, and cases cited. *McCrillis* v. *L. Q. White Shoe Co.* 264 Mass. 32, 34. The entire testimony of the plaintiff on both direct and cross-examination is fairly susceptible of the construction that although the bus started before she had succeeded in getting safely aboard, nevertheless her strength of hold on the rod was such that she was able to get within the body of the bus and then fell into the seat, but that she was not enabled as was her right to get safely within the bus before it started. Thus a finding of due care on her part and of negligence on the part of the operator of the bus would be warranted. The case at bar in this respect is quite distinguishable from *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405, and cases there cited, and *Martin* v. *Boston Elevated Railway,* 262 Mass. 542, 544, where the witness, having made two distinctly different statements touching the same event, finally adheres to one in preference to the other as being the truth and is therefore bound by it. It is not necessary to examine the other evidence because the plaintiff is entitled to the construction of the testimony most favorable to her contention and is not bound by the testimony of other witnesses even though called by herself. *Haun* v. *LeGrand,* 268 Mass. 582, 584.

*Exceptions overruled.*