EMMA T. MARQUANDT *vs.* BOSTON YOUNG WOMEN'S CHRISTIAN ASSOCIATION.

Suffolk.    November 16, 1932. — February 13, 1933.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Agency*, Scope of authority. *Evidence*, Presumptions and burden of proof.

At the trial of an action against a corporation for breach of a contract to sell certain second hand machinery to the plaintiff, there was evidence that the plaintiff made to the defendant's engineer an offer of $200 for the machinery; that the engineer replied that he would have to find out "whether that was all right"; that, after telephoning

to a woman who had authority from the defendant to sell the machinery, the engineer told the plaintiff that his offer was accepted, whereupon the plaintiff made a deposit; and that subsequently the defendant sold the machinery to a third person. The woman and the engineer testified for the defendant that she authorized him to sell the machinery for $200 upon condition that it be removed and paid for before a certain date. *Held*, that

(1) The jury were entitled to believe the testimony that the engineer was authorized by the woman to sell the machinery for $200, and to disbelieve the testimony as to the condition imposed by her;

(2) A finding was warranted that the engineer had actual authority to make the contract to sell to the plaintiff for $200 without any special condition;

(3) A verdict for the plaintiff was warranted.

CONTRACT. Writ dated April 25, 1931.

The action was tried in the Superior Court before *Brown*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. B. O'Hare*, for the plaintiff.

*J. D. Graham*, (*G. B. Rittenberg* with him,) for the defendant.

LUMMUS, J. Answering an advertisement offering second hand laundry machinery for sale, the plaintiff's agent went to the defendant's institution on March 27, 1931, and saw one Todd, the engineer in charge of the operation of the defendant's laundry. The plaintiff's agent offered $200 for a mangle and copper soap box. Todd said that he would telephone to find out whether that was all right. Leaving the plaintiff's agent, he telephoned to a Miss Farwell, who was chairman of a committee appointed by the defendant to sell the machinery and "had the position of disposing of it." Todd returned to the plaintiff's agent, saying that "She accepted your bid." Todd took the plaintiff's check for $25 as a deposit. On April 7, 1931, without further communication between the parties, the defendant sold all the machinery to a third person, and shortly afterwards returned the plaintiff's check by mail. The plaintiff brought this action for breach of contract. The only evidence of what was said by Miss Farwell to Todd over the telephone came from them. Both were

called as witnesses by the defendant and testified that Miss Farwell told Todd to sell the mangle and copper soap box for $200 on the condition that they be paid for and removed on or before April 6, 1931. After the jury had returned a verdict for the plaintiff, the trial judge ordered a verdict for the defendant, and reported the case upon the stipulation that if the direction of the verdict was wrong, judgment should be entered for the plaintiff for $250.

The point argued by the defendant is that there was no evidence of Todd's authority to make the contract upon which the plaintiff relies. This case does not enter any debatable field of the classification of agents as general and special. Mechem, Agency (2d ed.) §§ 59–69, 730–742. Huffcut, Agency (2d ed.) § 104. Todd's conduct made clear to the plaintiff's agent that he was not entrusted with any discretion in the sale of the machinery, but was merely carrying out the orders of another. He was known to be a "special agent" of a most restricted kind. The familiar doctrine that one who deals with an agent is not affected by private instructions limiting his apparent authority, but as to him the ostensible powers of the agent are the real powers (*Hale* v. *Texas Co.* 264 Mass. 246, *Simons* v. *Northeastern Finance Corp.* 271 Mass. 285, *Bascombe* v. *Inferrera*, 271 Mass. 296, *Byrne* v. *Massasoit Packing Co.* 137 Mass. 313), has little or no application to such an agent. *Green* v. *Star Fire Ins. Co.* 190 Mass. 586, 595, 596. *Ferran* v. *Boston Elevated Railway*, 249 Mass. 212, 215. Todd had no ostensible powers, for everything pointed to the fact that he was "acting under special instructions" (*Markey* v. *Mutual Benefit Life Ins. Co.* 103 Mass. 78, 93), which constituted limitations of his authority and not mere private directions or advice upon a subject apparently left somewhat to his judgment. See *Hatch* v. *Taylor*, 10 N. H. 538; *Towle* v. *Leavitt*, 23 N. H. 360; *Bryant* v. *Moore*, 26 Maine, 84. Under these circumstances, the plaintiff had to discover Todd's real powers, for beyond them the defendant could not be bound. *Snow* v. *Perry*, 9 Pick. 539. *Lobdell* v. *Baker*, 1 Met. 193, 201–203. *Harrison* v. *City Fire Ins. Co.* 9 Allen, 231. *Harrigan* v. *Dodge*, 216 Mass. 461. *Ferran*

v. *Boston Elevated Railway*, 249 Mass. 212, 215, and cases
cited. *American Railway Express Co.* v. *Mohawk Dairy
Co.* 250 Mass. 1, 11. See also *Mussey* v. *Beecher*, 3 Cush.
511.

If the entire testimony of Miss Farwell and Todd as to
Todd's authority should be believed, his authority to make
the contract upon which the plaintiff relies would be nega-
tived. If that entire testimony should be rejected, the
plaintiff would be left without any affirmative evidence of
Todd's authority. *Boice-Perrine Co.* v. *Kelley*, 243 Mass.
327, 330. *Rosenberg* v. *Karas*, 259 Mass. 568. The only
way in which the jury could find for the plaintiff was to
divide the testimony of Miss Farwell and Todd as to Todd's
authority, believing that Todd was authorized to sell for
$200, and disbelieving the evidence of the condition that
the price must be paid and the machinery removed on or
before April 6, 1931. Whatever might have been the rule
had this uncontradicted testimony been introduced by the
plaintiff as a part of her case (*Connors* v. *Cunard Steamship
Co. Ltd.* 204 Mass. 310, 321; *Laffey* v. *Mullen*, 275 Mass.
277; *Griffin* v. *New York, New Haven & Hartford Railroad*,
279 Mass. 511; *Marsh* v. *Beraldi*, 260 Mass. 225, 230;
*Haun* v. *LeGrand*, 268 Mass. 582; *Coyle* v. *Worcester Con-
solidated Street Railway*, 273 Mass. 475; *Cook* v. *Cole*, 273
Mass. 557, 559), this testimony was introduced by the de-
fendant and the plaintiff was in no way bound by it. *Wilson*
v. *Grace*, 273 Mass. 146, 152. This testimony was not an
indivisible atom, and the jury might split it in the way sug-
gested, provided this result was required by their view as to
the credibility of its several parts. *Hill* v. *West End Street
Railway*, 158 Mass. 458, 460. *McDonough* v. *Vozzela*, 247
Mass. 552, 557–559. *Klayman* v. *Silberstein*, 252 Mass.
275, 278. *Gordon* v. *Bedard*, 265 Mass. 408, 410, 411.
*Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 518,
519. The case at bar does not fall within the class "where
a jury cannot properly be permitted to wrest part from a
clear and consistent context so as to attribute to a witness
a statement which he did not make." *Lowell* v. *Boston
Storage Warehouse Co.* 280 Mass. 234, 237. Therefore there

was evidence for the jury of Todd's actual authority to make the contract upon which the plaintiff relies, and the direction of a verdict for the defendant was error. In accordance with the stipulation, the entry must be

*Judgment for the plaintiff for $250.*