ANNA CARLEN, administratrix, *vs.* GEORGE J. GAW.

Suffolk.    October 9, 1935. — November 12, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Of dentist. *Evidence,* Presumptions and burden of proof.

A verdict for the defendant rightly was ordered in an action against a dentist for malpractice where there was no evidence of his negligence unless the jury should garble his testimony.

TORT.    Writ dated November 21, 1930.

The action was tried in the Superior Court before *Mac-*

*leod,* J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*M. Z. Kolodny,* for the plaintiff.

*R. H. Wiswall,* for the defendant.

LUMMUS, J. The plaintiff's intestate, a man of thirty, with an enlarged and abnormal heart which prevented him from carrying on his regular trade as an electrician, went to the defendant, a dentist, for treatment of an abscessed tooth. The defendant, who was the only expert witness, testified that he had to choose between giving palliative treatment in the endeavor to reduce the inflammation before extracting, which was the usual practice in 1921 when he became a dentist, and extracting the tooth at once, which had since become recognized as good practice. There was danger in either course. The palliative treatment might fail to prevent the spread of infection, especially in a patient like the plaintiff's intestate who appeared to lack normal resistance and who had been suffering for a considerable time. On the other hand, immediate extraction might itself spread the infection. Having to choose, the defendant extracted the tooth at once, infection became general, and the patient died. There was no evidence of negligence, unless the decision to extract the tooth constituted negligence.

Although a jury ordinarily may believe part of the testimony of a witness and reject the rest (*Marquandt* v. *Boston Young Women's Christian Association,* 282 Mass. 28, 31; *Limoges* v. *Limoges,* 287 Mass. 260), the jury may not "wrest part from a clear and consistent context so as to attribute to a witness a statement which he did not make." *Lowell* v. *Boston Storage Warehouse Co.* 280 Mass. 234, 237. That would have to be done in this case in order to find any evidence of negligence. The direction of a verdict for the defendant was right.

*Exceptions overruled.*