Zottoli, J.
This is an action of tort against the defendant for negligence. The declaration, in substance, alleges that the motor vehicle of the defendant was so negligently operated by the defendant’s servants, employees or agents, that it struck the plaintiff’s push cart and damaged it. The answer is a general denial and an averment of contributory negligence and denial of agency.
The judge who heard the case, on evidence which supported it, made the following finding:
*132 “I find damage of forty ($40) dollars, that the defendant rented its truck to O’Keefe” (the operator) “for his own use, that he drove it on his own business and not that of the defendant”.
All that in substance appears from the plaintiff’s argument before this division, and the brief he has submitted, is that he seeks to fasten upon the owner of the truck in question liability for the tort of a hirer while operating it for his own ends. It is well established from as far back as “horse and buggy days”; as to which see: Herlihy v. Smith, 116 Mass. 265; to the present time as to which see: Trombley v. Stevens-Duryea Co., 206 Mass. 516, 519; Haskell v. Albiani, 245 Mass. 233; Kwedares v. Knoll, 261 Mass. 91; Dennis v. Glynn, 262 Mass. 233; Field v. Evans, 262 Mass. 315, 316; Nash v. Lang, 268 Mass. 407, 410; and cf. Shepard v. Jacobs, 204 Mass. 110; Peach v. Bruno, 224 Mass. 447; that there is no liability against such an owner.
The plaintiff’s contention, that the pre-existing common law has been changed by the passage of the compulsory automobile insurance laws of our Commonwealth, is neither novel nor sound, cf. McNeil v. Powers, 266 Mass. 446.
Report dismissed.