LOUIS STURMAN, administrator, *vs.* GEORGE P. DAVIS &
another, trustees
(and a companion case [1]).

Suffolk.    April 8, 1947. — June 10, 1947.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Proximate Cause. Negligence,* Fire escape. *Evidence,* Presumptions and
burden of proof.

Neither the whole, nor any rationally selected parts, of testimony re-
specting conduct of one pausing at a window opening onto a canti-
lever fire escape from the second floor of a burning building, returning
inside, and, on coming again to the window, having to be assisted
down the fire escape to the ground, would have warranted a finding
that a defective condition of the fire escape prevented his reaching the
ground in safety or that burns he sustained resulted proximately from
the defect.

TWO ACTIONS OF TORT. Writs in the Superior Court
dated May 29 and June 19, 1942.

The cases were tried together before *Forte,* J.

*A. J. Zimmerman & J. E. Hannigan,* for the plaintiff,
submitted a brief.

*C. C. Petersen,* for the defendants Davis and another.

*J. B. O'Hare,* for the defendant Spotlite, Inc.

QUA, J. These actions are brought respectively against
the owners and the lessee of premises on or near the corner
of Washington and Essex streets in Boston to recover for
personal injury to and death of the plaintiff's intestate in
consequence of a fire which occurred on the premises on
April 27, 1942. No contention is made that any defendant
was responsible for the occurrence of the fire. The sole
basis of liability set forth in both declarations and now
insisted upon is negligence "in failing to provide for and
maintain proper egress and fire escapes."

In the action against the owners the judge directed a

---

[1] The companion case is that of the same plaintiff against Spotlite, Inc.

verdict for the defendants. In the action against the lessee the jury found for the defendant. The plaintiff excepts.

It is unnecessary to consider which of the defendants were responsible for the condition of the fire escapes, if any of them were, or to deal with alleged errors in the charge in the second case, since we are of opinion that the evidence would not warrant a finding that any defect in the means of egress and fire escapes was a proximate cause of the injury to and death of the plaintiff's intestate.

The material evidence was this: The defendant Spotlite, Inc., leased the entire building from the other defendants and used it as a place of entertainment. Spotlite, Inc., employed the deceased as a bartender. It was not insured under the workmen's compensation law. The fire broke out in the kitchen on the first floor. The manager ordered an employee to go upstairs and warn all employees. There were "entertainers" in the dressing rooms on the third floor and musicians and employees, including the deceased, on the second floor. Some of the employees came down the stairs, while others came down the fire escape. The deceased followed some of the latter onto the fire escape. This fire escape from the second floor to the ground consisted of a cantilever iron stairway held by weights in a horizontal position but so constructed that the weight of a person upon it would cause it to go down. The deceased stood on the fire escape near the window out of which he had come, while others passed him and stepped on the cantilever. As it went down it became caught in a street sign about seven feet from the ground. A sailor climbed the pole holding the sign and so twisted the sign that the cantilever came down to the ground, and all (as many as twelve) of the people on the fire escape at the time came to the street safely except the deceased, "who, although told to come down, said to a witness 'I'm going back to get my money,'" and went back into the second floor of the building. When he came out on the fire escape a second time "a chorus 'hollered' to him to come down," but he remained on the fire escape, appeared dazed and "did not know what he was doing." He was assisted to the street by

firemen. He was severely burned. There was also evidence that later, when others came down, "the fire escape" (apparently meaning the cantilever) "swung away from the building" and got caught "on a traffic post" and was disengaged by sailors who pulled it down.

If it be assumed that the cantilever was defective in that it would catch upon a sign, pole or post, still it is plain that, if the jury believed the evidence outlined above, the defect did not prevent the deceased from reaching safety as his companions did. See *Wainwright* v. *Jackson*, 291 Mass. 100. There is nothing to show that he received his burns because of any necessity of waiting on the fire escape for the release of the cantilever. A more natural inference would seem to be that he received them inside the building. The jury could disbelieve the foregoing evidence; or they could believe parts of it and reject other parts as long as such division was reasonable and did not result in distortion of the evidence. *Marquandt* v. *Boston Young Women's Christian Association*, 282 Mass. 28, 31. *Carlen* v. *Gaw*, 292 Mass. 398. *Mosher* v. *Cape Ann Savings Bank*, 309 Mass. 512, 514–515. But if the jury disbelieved the evidence as a whole, there was no competing narrative which they could accept as a substitute, and they would be left with nothing to prove that any defect contributed to cause the injury to and death of the deceased. *Boice-Perrine Co.* v. *Kelley*, 243 Mass. 327, 329–330. *Zarillo* v. *Stone*, 317 Mass. 510, 511–512. *Burwick* v. *McClure*, 318 Mass. 626, 629. And we cannot conceive of any rational selection of parts only of the evidence which would establish such causal relation. The bare fact that the cantilever caught upon the sign would not establish it.

In the view we take of the cases, an exception to the exclusion of evidence has become immaterial.

It follows that the judge rightly directed a verdict for the defendants in the action against the owners, and that the verdict of the jury for the defendant in the action against the lessee must stand. In each case the entry will be

*Exceptions overruled.*