*Southern Division*

## LOCAL TRADEMARKS, INC.

v.

## ODORIC E. NERBONNE ET ALS

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Lee, J.,* in the Third District Court of Bristol. No. 3196-51.

*Callan, J.* Action of contract against Odoric E. Nerbonne, Paul E. Nerbonne and Roland Nerbonne to recover damages for breach of a written agreement. The defendants answered by way of a general denial. The defendants, Paul E. Nerbonne and Roland Nerbonne, were defaulted under Rule XIII for failure to answer interrogatories and judgment was entered against them.

At the trial against the remaining defendant, Odoric E. Nerbonne, *there was evidence tending to show that* on March 26, 1951 the plaintiff's duly authorized representative signed a written agreement with Paul Nerbonne, who signed the agreement on behalf of the Auto Top Shop as President, subject to acceptance at New York which was done on March 28, 1951 and notice mailed on that date to the Auto Top Shop.

The agreement provided for the production and shipment by the plaintiff to the defendant's place of business at Hyannis, of 52 copyrighted advertising mats made exclusively for, and to be used in the defendant's upholstery business. These mats could not be used by anyone else nor did they have any value so far as anyone else was concerned, except the defendant.

The territory of Hyannis and vicinity was reserved for exclusive use of the defendant for one year from the first of the month following date of shipment. When the agreement was signed, a check, drawn on the Auto

Top Shop's account, and signed by Roland Nerbonne in its behalf was given to the plaintiff's representative. Upon presentation to the defendant's bank for payment the check was returned to the plaintiff marked, "Payment Stopped."

The merchandise was shipped by the plaintiff to the defendant on April 13, 1951, but the defendant refused to accept delivery. The plaintiff first received notice by letter on May 22, 1951, from the defendant of cancellation by him of the written agreement.

The defendant owned two stores as sole proprietor under the name of Auto Top Shop, one in New Bedford and the other in Hyannis, for which a business certificate was on file in New Bedford. While he managed the New Bedford store, the Hyannis store was under the care and management of Paul and Roland, his two sons, and had been since the time of its opening, three years before. The sons having the keys opened and closed the store daily. There was evidence that Paul had no title in the store business nor any authority to sign contracts for merchandise. Roland had authority to sign checks in payment of utility bills for the Hyannis store and also authority to purchase incidentals and to pay for them by check. There was also evidence that neither Paul nor Roland had any authority to enter into any agreements for the defendant or sign any checks for payment thereof. There was also evidence that the defendant saw and talked with this particular salesman for the plaintiff about a month before and told him

he was not interested in this particular advertising project.

The plaintiff duly filed requests for rulings, one of which was denied and was as follows:

4. "An agent's apparent or ostensible powers are his real powers."

The defendant filed five requests for rulings, three of which were granted and are as follows:

3. "The defendant cannot be held on the agreement."

4. "Timely notice of Paul's lack of authority was given to the plaintiff."

5. "Damage is limited to the loss and where the goods have been returned the entire contract price cannot be recovered." *Friedman v. Pierce,* 210 Mass. 419 at 423.

After making a finding of facts the judge found for the defendant. Claiming to be aggrieved by the judge's refusal to rule as requested on his requests and by the ruling on the defendant's requests and the finding for the defendant the plaintiff claims a report to the Appellate Division.

Clearly there is no evidence of any express authority given by the defendant to his sons, Roland and Paul, to execute the agreement in question and the check issued at the time of execution. The only issue is whether there was ostensible authority in the two sons as managers of the store that had no limitations known to the plaintiff or his representative. Generally authority to manage a business includes authority to make contracts which are incidental to its business, are usually made in it, or are reasonably necessary in conducting it. Restatement, Agency-§73.

■ It is within the ostensible authority of a manager of an upholstery business to contract for advertising printing and the ostensible powers of such an agent are his real powers, so far as persons other than himself, his principal and those that have actual notice of any limitation of his powers are concerned. *Danforth v. Chandler,* 237 Mass. 518, 522; *General Dredging Co. v. Bethlehem Ship Building Corp.,* 247 Mass. 162, 167; *Conde Nast Press, Inc., v. Cornhill Pub. Co.,* 255 Mass. 480, 485.

■ An agent's acts can only effect the right or status of the principal within the limits of the authority conferred. *Hills v. Peoples Express,* 240 Mass. 96.

■ There was evidence that Paul and Roland's powers as managers were limited and if the plaintiff through its representative had notice of these limited powers in their dealings with the plaintiff and were effected by the limitations, the plaintiff cannot recover. There was also evidence of a prior dealing between the plaintiff's salesman and the defendant about this same advertising project and the defendant indicated that he was not interested in it. The judge found that the salesman knew of the real powers of Paul and Roland. We cannot say that from the evidence his finding was unsupported.

■ When the payment was stopped on the check it was evidence of a disaffirmance of the dealings and agreement with the plaintiff.

We find no error in the judge's action on

the requests for rulings and accordingly order the report dismissed. *So ordered.*

*Philip Barnet* of New Bedford, for the Plaintiff.
*Solomon Rosenberg* of New Bedford, for the Defendant Odoric E. Nerbonne.